JAQUITH v. ROYCE.

1. **Criminal Law:** MUNICIPAL CORPORATION: ORDINANCE. Where a city ordinance is enacted to promote the public peace, safety and con-venience and provides for a penalty of a fine, the violation of the ordin-ance is a public offense, and the guilty party is liable to a criminal prosecution.

2. **Jurisdiction:** JUSTICE OF THE PEACE: MAYOR. Under the Code the jurisdiction of mayors of cities and incorporated towns over persons guilty of violations of municipal ordinances is not exclusive, and a jus-tice of the peace may issue a warrant for the arrest of one charged with such offense, and detain him in custody until the day of trial.

3. **Criminal Law:** CITY ORDINANCE. A city ordinance requiring the marshal to "take up any cow or cattle running at large," includes also the idea of confining such animals and any one releasing them without authority is guilty of a violation of the ordinance.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, MARCH 22.

THE plaintiff was arrested upon a warrant issued by L. Knapp, a justice of the peace of Cedar Falls township, Black Hawk county, Iowa, upon an information filed before said

justice, charging the plaintiff with "the crime of violating an ordinance of the city of Cedar Falls, in Black Hawk county, Iowa, prohibiting animals from running at large, and ordinances amendatory thereto." The plaintiff having been brought before the justice, the hearing of the case was continued from August 2d to August 9th, 1875, and the plaintiff was ordered to give a bond for his appearance in the sum of one hundred dollars. Afterwards on the same day, to-wit: August 2d, the plaintiff having failed to give the required bond, the justice of the peace issued a warrant for his arrest, which was served by the defendant, Royce, deputy sheriff, on the 9th of August, the day to which the case was continued for hearing. Thereupon the plaintiff presented his petition to the Hon. S. Bagg, Judge of the Circuit Court, praying for the issuance of a writ of *habeas corpus*, and alleging that his restraint was illegal upon the following grounds:

"1. That the petitioner was not accused of any criminal or public offense.

"2. That the justice who issued said warrant has no jurisdiction of the said matter charged in said proceeding, and that said warrant is without authority and void.

"3. That there is no authority conferred by law upon any person, court or officer to arrest and imprison the petitioner, or any person, for the act alleged to have been committed in the information, upon which said proceeding before said justice is based."

A writ of *habeas corpus* was issued and plaintiff discharged. From the order of discharge the defendant appeals.

*H. C. Hemenway* and *J. B. Powers*, for appellant.

The violation of a city ordinance providing a penalty of a fine is a public offense. (Code § 4103; *Davenport v. Bird*, 34 Iowa, 524; Dill. on Mun. Corp., § 344; *Goodrich v. Brown*, 30 Iowa, 291; *Boston v. Goddard*, 16 Pick., 507; *State v. Stearns*, 11 Foster, N. H., 109.) A judge hearing a case in *habeas corpus* is in no sense a court of appeal. He is to determine whether the court has jurisdiction of the case, and

whether he has acted within that jurisdiction in issuing the warrant. (Cooley's Const. Lim , 347.)

*William H. McClure,* for appellee.

ADAMS, J.—The first section of ordinance No. 40 provides "that no cow or other cattle shall be permitted to run at large within the city limits, between the hours of 9 o'clock, P. M. and 5 o'clock, A. M.,     *     *     *     and that it shall be the duty of the city marshal to take up upon complaint of any citizen any cow or cattle found running at large."

Sec. No. 6 provides that, "If any person shall break open in any manner, directly or indirectly, any pen or inclosure with the intent of releasing any animal confined therein pursuant to the provisions of this article, every such person on conviction shall for such offense be fined in a sum of not less than ten dollars, and not more than one hundred dollars." The information, after reciting the ordinance, alleges " that the city marshal took up and placed in a pound or inclosure as in said ordinance provided, a certain cow then and there being the property of the defendant, C. F. Jaquith, and that on the 23d day of July, 1875, the said cow being confined in said pound and inclosure, the said defendant did break open said pound and inclosure with intent of releasing the said animal therefrom, contrary to the provisions of said ordinance."

I.   The appellee contends that the violation of an ordinance of a city providing a penalty of a fine is not a crime, and that, therefore, the plaintiff was not liable to be arrested, but was only liable to be subjected to a civil proceeding.   Such is not our view.

In the case of *The State v. Stearns*, 11 Foster (N. H.), 106, complaint was made against a person for keeping a bowling alley without license, in violation of a city ordinance.   Upon a question of costs which arose, it was held that the proceeding was criminal and not civil.   Bell, J. said:   " The question whether a legal proceeding is to be deemed civil or criminal or as partaking of the nature of civil and criminal proceedings is to be deter-

1. CRIMINAL law : municipal corporation: ordinance.

mined by the consideration whether the law is designed to suppress and punish a *public wrong, an injury affecting the peace and welfare of the community and the general security,* or whether it is designed merely to afford a remedy to an individual for an injury done to his person or property. * * * The present case is one of a prosecution for an offense made penal by a city ordinance because of its supposed evil consequences to society. It has no relation to any individual wrong and the remedy prescribed is such as indicates a criminal proceeding. It is prosecuted by a public officer as a part of his official duty, but might be prosecuted by any other person as well. The fine is payable to the city but not to compensate any wrong to the corporation. * * * The case, then, seems to us to lack all the *indicia* of a civil action, and to be in fact, as it appears, a criminal prosecution."

In *Nathaniel Goddard, Petitioner*, etc., 16 Pick., 504, the defendant was prosecuted for neglecting and refusing to remove snow from the sidewalk in a street in the city of Boston adjacent to his land, in violation of a by-law of the city imposing a penalty of a fine. Shaw, Ch. J., said: "There is no difference in principle between a prosecution for breach of a by-law made to promote the health, safety and convenience of a large city, and a like prosecution for nuisance or other misdemeanor made such by common law or statute. In both cases the law is made by competent authority, the object of it is the health, comfort and safety of the community, and in both cases a violation of it is a public wrong."

It appearing, therefore, that where a city ordinance is made to promote the public peace, safety and convenience, and pro vides for a penalty of a fine, the violation of the ordinance is a public offense, and the guilty party is liable to a criminal prosecution, we proceed to inquire before what tribunal the guilty party can be tried.

The ordinance providing the penalty does not prescribe the tribunal; but it does not follow that no tribunal whatever has jurisdiction of the case. Sec. 4660 of the Code provides: "Justices of the peace have jurisdiction of, and must hear, try and determine all

2. JURISDICTION: justice of the peace: mayor.

public offenses less than felony," etc. It would, therefore, doubtless be conceded that the justice on whose warrant the plaintiff was arrested had jurisdiction, unless his jurisdiction is excluded by Sec. 506 of the Code, which is as follows: "The mayor of each city or incorporated town shall be a magistrate and conservator of the peace and within the same have the jurisdiction of a justice of the peace in all matters civil and criminal arising under the laws of the State or the ordinances of such city or town."

By said section it will be seen that the jurisdiction of the mayor is not expressly made exclusive. By Sec. 4499 of the Revision, the jurisdiction of the mayor in prosecutions of this kind was expressly made exclusive. The provision being repealed and not re-enacted, we must presume that the legislature did not intend to make the jurisdiction of the mayor exclusive. It follows that the justice of the peace upon whose warrant the plaintiff was arrested had jurisdiction to try the case; and, if so, he had power to issue the warrant and, as an incident to that power, to detain the defendant in custody until he should be tried. That is the restraint of which the plaintiff complains as illegal, and from which he was discharged. It will be observed that the question does not arise in this case as to whether a justice of the peace can impose imprisonment instead of a fine as a penalty for the offense, in the absence of an ordinance providing such penalty, nor does the question arise as to whether, in case a fine is imposed, a justice of the peace has power to commit in default of payment thereof. The imprisonment in this case was neither the penalty for the offense, nor the means of enforcing payment of a fine. It was simply incident to the arrest, and the arrest was the proceeding whereby the justice of the peace acquired jurisdiction of the person.

II. It is contended by the appellee that the act which it is alleged in the information that the plaintiff committed was 3. CRIMINAL law: city ordinance. not a violation of any ordinance. The plaintiff's act consisted in breaking into the pound or inclosure where his cow was confined, with intent to release her. It is contended by him that while the ordinance prohibits

breaking into a pound or inclosure with the intent to release other animals, it does not prohibit breaking into a pound or enclosure with intent to release a cow. The ordinance expressly provides that the marshal shall " take up any cow or cattle running at large." It also expressly provides for taking up and confining in a pen, pound or other place provided for that purpose certain animals, among which a cow is not enumerated. It seems to us, however, that the duty imposed upon the marshal of " taking up " a cow, necessarily includes the idea of confining her. If so, then the breaking open of the pen, pound or inclosure was a violation of the ordinance.

REVERSED.