FINCH v. MARVIN.

1. **Venue:** CHANGE OF: MAYOR.   A change of venue may be taken from the court of a mayor of a city or incorporated town to that of a justice of the peace.

*Appeal from Delaware Circuit Court.*

SATURDAY, JUNE 16.

ACTION to recover of defendant four dollars and forty cents for filling a hole in a sidewalk, which it is alleged that defendant was under obligation to fill.   The action was brought

before one S. L. Doggett, as mayor.   An application was made for a change of venue on the ground of prejudice.   The motion was overruled on the ground that a change of venue is not allowable from a mayor's court, to which ruling the defendant excepted.   Judgment having been rendered for the plaintiff the case was removed to the Circuit Court upon a writ of error. On hearing, the judgment of the mayor's court was affirmed. The defendant appeals.

*A. S. Blair*, for appellant.

*Bronson & LeRoy*, for appellee.

ADAMS, J.—The case presents this question: Does a change of venue lie from a mayor's court?   We have first to consider 1. VENUE: whether any other court could have taken juris-change of: diction.   It was held in *Jaquith v. Royce*, 42 Iowa, 406, that the jurisdiction conferred upon the mayor in cases of the violation of a city ordinance is not exclusive, and we think it could not be so regarded in a. case like this.   Indeed the counsel for the appellee, as we understand, do not seriously contend that a. justice of the peace could not have taken jurisdiction if the action had been commenced in his court.

The ground upon which they rely to sustain the ruling of the court below is, that "there is no provision of law authorizing a change of venue from a mayor's court."   This is true unless it is authorized by section 506 of the Code, which provides, after providing for the jurisdiction of a mayor, that "the rules of law regulating proceedings before a justice of the peace shall be applicable to proceedings before such mayor."   The question, then, is narrowed down to this: Can an application for a change of venue be considered as a part of the proceedings before a justice of the peace, within the meaning of the statute?

It is contended by the appellee that by proceedings before a justice of the peace is meant those proceedings which pertain to the "bringing of actions, appearance of parties, trial, judgment, and issuing of executions."   We have to say, how-

VOL. XLVI—25

ever, that we see nothing in the language used that would exclude the proceedings necessary to obtain a change of venue; nor are we able to discover any reason, in the nature of things, why a change of venue should not be allowed from a mayor's court as well as from any other tribunal.

It will be conceded that, if this action had been commenced in a justice's court, a change might have been taken to another justice. There is nothing, then, in the nature of the case or amount involved to render a change improper. If no change ought to be allowed (and we have reference simply to what the statute ought to be), it must be because there is not the same necessity to take a change from a mayor's court as from a justice's court to secure an impartial trial. Whether the office of mayor of a city is higher or lower than that of justice of the peace, we know of no reason to suppose that his mind would more probably be free from prejudice. We are of the opinion, therefore, that as a mayor has jurisdiction concurrent with that of a justice of the peace within the city or incorporated town, a change of venue may be taken from his court to that of a justice.

REVERSED.