## ZELLE v. McHENRY ET AL.

1. **Jurisdiction: POLICE COURT: JURY TRIAL.** A party arrested and brought to trial in the police court of a city of this State for the violation of a city ordinance is not entitled to a jury trial.

2. ———: ———: **VENUE.** Nor is he entitled to demand a change of the place of trial to a justice of the peace.

3. ———: ———: **HABEAS CORPUS.** The police court having jurisdiction of the subject-matter and of the person charged, *habeas corpus* would not lie to correct its errors.

*Appeal from an order of the Judge of the District Court of Polk County.*

THURSDAY, SEPTEMBER 18.

THE plaintiff was arrested and taken before the Police Court of the city of Des Moines upon an information charging him with selling beer and other malt and vinous liquors contrary to an ordinance of said city. At the proper time he demanded a trial by jury, which was denied by the court. After a jury trial was refused, said Zelle filed his motion for a change of venue, based upon the alleged prejudice of the judge of said Police Court. Said motion was overruled. Upon a trial plaintiff was convicted and fined in the sum of fifty dollars and costs, and it was ordered that he stand committed to the jail of the county until said fine and costs should be paid, not exceeding fifteen days. The fine and costs were not paid and a *mittimus* was issued, and the plaintiff was committed to the jail of the county. He thereupon presented his petition for a writ of *habeas corpus* to Hon. William H. McHenry, judge of the District Court, in which he alleged that the judgment of conviction was void because the Police Court refused to allow him a trial by jury, and overruled his motion for a change of venue. There was a demurrer to the petition, which was overruled, and the plaintiff was discharged. Defendants appeal.

Zelle v. McHenry.

*P. Gad Bryan, City Solicitor, M. D. McHenry* and *Smith & Baylies* for appellants.

*Finch, Sickmon & Snelling* and *B. A. Williams*, for appellee.

ROTHROCK, J.—I.   There are three questions presented in this record.   They are—*First,* was the plaintiff entitled to a jury trial? *second,* was he entitled to a change of venue? and, *third,* if the court erroneously denied either of these alleged rights, was its judgment void, and was the plaintiff properly released upon *habeas corpus ?*

1. JURISDIC-
TION: police
court: jury
trial.

We will determine these questions in the order in which they are stated.   The Constitution of this State, in its first article, contains these provisions:

"Sec. 10.   In all criminal prosecutions, and in cases involving the life or liberty of an individual, the accused shall have a right to a speedy and public trial by an impartial jury; to be informed of the accusation against him; to have a copy of the same when demanded; to be confronted with the witnesses against him; to have compulsory process for his witnesses; and to have the assistance of counsel.

"Sec. 11.   All offenses less than felony, and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, shall be tried *summarily* before a justice of the peace, *or other officer* authorized by law, on information under oath, without indictment, or the intervention of a grand jury, saving to the defendant the right of appeal; and no person shall be held to answer for any higher criminal offense, unless on presentment or indictment by a grand jury, except in cases arising in the army or navy, or in the militia, when in actual service, in time of war or public danger."

Municipal corporations have power to make and publish ordinances, and to enforce obedience thereto by fine not exceeding one hundred dollars, or by imprisonment not exceeding thirty days.   That a violation of an ordinance of this

character is an offense less than felony we think must be con-
ceded. True, it is not an offense against an act of the Legis-
lature, but it is a violation of a valid enactment made in
pursuance of law, and the punishment is inflicted by author-
ity of the Legislature. These constitutional provisions can-
not be evaded by imposing fines and imprisonment upon the
citizen through an intervening agency, such as a municipal
corporation. But the plaintiff was not entitled to a trial by
jury by virtue of the provisions of the Constitution, because
article 1, § 11 provides that all offenses in which the punish-
ment does not exceed one hundred dollars, or thirty days
imprisonment, shall be tried summarily before a justice of
the peace or other officer authorized by law, saving the de-
fendant the right of appeal. By saving the right of appeal
to a court where the defendant may demand that he be tried
by a jury, the provision is consistent with article 9 of the
Bill of Rights, which declares that the right of trial by jury
shall remain inviolate. The right to one jury trial is all that
is guaranteed, and that is preserved by allowing an appeal to
a court where the cause is to be tried anew, and by a jury.
*State v. Beneke*, 9 Iowa, 203.

We are next to inquire whether the plaintiff was entitled
to a trial by jury, by virtue of any statute law. The argu-
ment that there is statutory authority for a trial by jury in a
police court, for the violation of a city ordinance, is based
upon inference and not upon any express statutory enactment.

The city of Des Moines is a city of the first class, and by
section 535 of the Code there is established in such cities a
Police Court. By section 543 it is provided that "the police
judge shall have, in all criminal cases, the powers and juris-
diction vested in the justices of the peace, * * * * and
shall have jurisdiction of all violations of the ordinances of
the city." By section 542 it is provided that the city council
shall provide by ordinance for the selection, summoning and
impaneling of juries for the Police Court. It is provided by
section 4672 that in a trial of a criminal case before a justice

Zelle v. McHenry.

of the peace the defendant may demand a trial by jury. No such provision is anywhere contained in the statute regulating proceedings in the Police Court. It does not follow, because a jury is provided for the Police Court, that a trial by jury may be demanded for the violation of a city ordinance. The jury must be held to have been intended for the trial of cases in the Police Court when authorized by law; that is, when the court is exercising the powers and jurisdictions of a justice of the peace in criminal cases. This jurisdiction embraces offenses against the laws of the State in which a party is entitled to a trial by a jury of six men, as provided in section 4677 of the Code. Exercising the powers and jurisdiction of a justice of the peace in criminal cases does not include impaneling juries for the trial of violations of the ordinances of the city.

An ordinance of the city provided that any person having been brought before the Police Court, upon information or otherwise, shall have the right to demand a jury. It is scarcely necessary to say that this ordinance could confer no right not authorized by statute. In other words, if the statute confers jurisdiction upon the Police Court for the trial of offenses against the ordinance of the city, and does not provide for a trial by jury, the city could not by ordinance confer such right.

We are unable to find any statutory authority for a trial by jury in a Police Court as organized under our law, and conclude that the court properly refused the demand for a trial by that method.

II. A change of venue, or as it has been more recently denominated a change of the place of trial, is purely of statutory origin. It has no recognition in the common law. If the right thereto exists it must be found in the statute, and here we have no statute authorizing a change from the Police Court in a criminal prosecution for a violation of a city ordinance. It is claimed that the venue should have been changed to a justice of the peace, not

2. ——: ——: 
venue.

because there is any express statutory authority therefor, but because it is provided in section 4707 that proceedings in police and city courts, in criminal cases within their jurisdiction, shall be regulated by the provisions of the Code, when not otherwise regulated by law. The argument is that the proceedings should be the same as before a justice of the peace. It is true there are provisions of the Code upon the subject of the change of the venue of actions. Some of these provisions are applicable to civil actions, others to criminal cases, and some apply to courts of record and others to inferior courts; but there is no warrant for the claim that the proceedings of any one court should be adopted rather than another. In this state of the law it must be held that the proceedings referred to could not have been intended to embrace proceedings for a change of venue.

In *Jaquith v. Royce*, 42 Iowa, 406, it was held "the jurisdiction of mayors of cities and incorporated towns over persons guilty of violations of municipal ordinances is not exclusive, and a justice of the peace may issue a warrant for the arrest of one charged with such offense, and detain him in custody till the day of trial." It is contended by counsel for appellee that under this rule, the jurisdiction being concurrent, a change of venue might properly be demanded either before a justice of the peace or a mayor. But the section of the statute construed in that case is applicable only to cities of the second class and incorporated towns. The Police Court in cities of the first class is another tribunal, created by different and distinct sections of the statute. In the case of *French v. Marvin*, 46 Iowa, 384, it was held that a change of venue may be taken from the court of a mayor of a city or an incorporated town to that of the justice of the peace. The opinion is based upon section 506 of the Code, which provides that the rules of law regulating proceedings before a justice of the peace shall be applicable to proceedings before such mayor. This section has reference to mayors of cities of the second class and incorporated towns. No reference is made therein

Zelle v. McHenry.

to police courts, which, as we have seen, are a separate and distinct tribunal. There is no provision of law requiring the proceedings in the Police Court to be regulated by the law applicable to justices of the peace. It is true, certain jurisdiction is conferred upon them concurrent with justices of the peace, but power and jurisdiction are essentially different from the form of procedure.

We might have disposed of this question in a very summary manner by simply following the rule of *The State of Iowa v. Flinn, ante,* 133, which holds that the overruling of a motion for a change of venue from the court of a mayor to a justice of the peace worked no substantial prejudice to the party charged, since he is allowed a new trial upon the merits in the District Court, and that the only remedy to correct the error was by appeal. But we have thought the public interests demand a settlement of the practice based upon a construction of the statutes, and our investigation leads us to the conclusion that the motion for a change of venue was properly overruled.

III. That the police court had jurisdiction of the subject-matter—that is, violation of the ordinance of the city—and
3. ——: ——: that it had jurisdiction of the person of the party
habeas corpus. charged with such violation, and that the judgment rendered by the court was such as was authorized by the ordinance, must all be conceded. The judgment was, therefore, not void, and *habeas corpus* will not lie to correct errors of a court having jurisdiction of the subject-matter and the person charged. If the court had jurisdiction of the case, "mere irregularities or errors of judgment in the exercise of that jurisdiction must be disregarded on this writ, and must be corrected by the court issuing the process or on regular appellate procedings." Cooley's Const. Limitations, 347.

REVERSED.