The City of Creston v. Nye.

AFFIRMED.

## THE CITY OF CRESTON v. NYE. (*Two Cases.*)

**Criminal Law: RIGHT TO JURY TRIAL IN SUPERIOR COURT.** Since in the present condition of the law there is no appeal from the superior court of a city except to the supreme court, *held* that one charged in the superior court, upon information, with the violation of a city ordinance is entitled to a trial by jury in that court; and if, when the case matures for trial, the jury have been discharged for the term, and the defendant demands a jury trial, it is the duty of the court to continue the case on its own motion until such time as a jury can be lawfully empaneled. (See opinion for statutes construed and cases cited.)

*Appeals from Creston Superior Court and from Union District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, MAY 9, 1888.

THE defendant was arrested upon an information filed in the superior court of Creston, charging him with a violation of a city ordinance. By an agreement the hearing of the cause was continued until July 11, 1887, at which time the defendant appeared, and pleaded not guilty, and demanded a trial by jury. The regular

panel of jurors had been discharged for the term, and the demand for a jury trial was refused. Thereupon the cause was tried to the court without a jury, and the defendant was found guilty, and ordered to pay a fine of twenty-five dollars and costs, and to stand committed to the jail of the county for eight days unless said fine be sooner paid. The defendant then gave notice of an appeal to the district court, and the appeal-bond was fixed at one hundred dollars. The district court dismissed the appeal, upon the ground that it had no jurisdiction of appeals from the superior court. The defendant appeals from the judgment of both courts.

*Hanna & Porter*, for appellant.

*Judson L. Wicks*, for appellee.

ROTHROCK, J.—Appellant insists that he was entitled to be tried by a jury, and that, having been denied that right, he was not legally convicted. The proceeding under the ordinance was a criminal prosecution. *Jaquith v. Royce*, 42 Iowa, 406 ; *State v. Vail*, 57 Iowa, 103. Section ten, article one, of the constitution, provides that "in all criminal prosecutions, and in cases involving the life or liberty of an individual, the accused shall have a right to a speedy and public trial by an impartial jury." Section six of chapter 143 of the Laws of 1876 provides that the superior court shall have "exclusive original jurisdiction, to try and determine all actions, civil and criminal, for the violation of city ordinances." Section one of chapter seventy-seven of the Acts of 1880 provided that, "on information for a violation of an ordinance of an incorporated town or city of the second class, the defendant shall not be entitled to a trial by jury except on appeal." Section seven of chapter 143 of the Acts of 1876 provided that, "when criminal actions are tried in vacation without a jury, an appeal will lie to the district court." But this section was expressly repealed by section four of chapter twenty-four of the Acts of 1882, and it was enacted that "in criminal actions an appeal

will lie to the supreme court as now or hereafter provided by law for appeals in like cases from the district court." It is conceded that the defendant had the right to a trial by jury at some stage of the proceedings, either in the superior court or upon an appeal. There can be no question that such right exists. *State v. Beneke*, 9 Iowa, 203; *Zelle v. McHenry*, 51 Iowa, 572. But section seven of chapter 143 of the Laws of 1876, which authorized an appeal to the district court, is expressly repealed by the statute last above cited. There is, therefore, no law now in force authorizing an appeal of a criminal case from the superior court except to the supreme court; and, as the superior court has exclusive jurisdiction of actions for violation of city ordinances, there can be no prosecutions for such violations where a jury trial is demanded, unless the superior court is authorized to try criminal cases by jury. We think that, under a fair construction of all these statutes, a jury may be demanded as a matter of right. It appears to us that section one of chapter seventy-seven of the Laws of 1880, which denies the right of trial by jury in incorporated towns and cities of the second class, has no reference to cities in which there is a superior court. It is not applicable to criminal procedure in superior courts. We think it was the right of the defendant to demand a jury trial, and the court was not authorized to proceed to a trial without a jury. But we do not hold that there was any authority to impanel a jury after the regular panel was discharged; and the defendant had no right to make such a demand. When a jury was demanded, the court should have continued the case on its own motion. The constitutional provision requiring a "speedy" trial must be construed in a reasonable manner. It frequently occurs in the district court that a defendant in a criminal action demands a trial after the jury have been discharged, and it has never been thought unreasonable to refuse the demand and continue the cause.

The judgment of the superior court will be reversed, and that of the district court will be   AFFIRMED.