STATE OF IOWA, Appellant, v. WILLIAM JAMISON.

**Change of Venue:** JUSTICE AND MAYOR: *Appeal to district court.* Code, section 506, provides, that the mayor of a city or town shall have the jurisdiction of a justice of the peace, "and the rules of law regulating proceedings before a justice shall be applicable to proceedings before such mayor." Section 4671 provides, that on application for a change of venue, a justice of the peace shall transmit the papers in the case, etc., to the next nearest justice in the township, and that, in case the next nearest justice is disqualified, the venue shall be changed to the next nearest qualified justice in the county. *Held,* that, where a change of venue is granted by a justice, it is error to send the case to a mayor who is nearer than the next nearest justice; and the jurisdiction of the mayor may be reviewed on appeal to the district court, from a conviction in mayor's court.

*Appeal from Butler District Court.*— HON. JOHN C. SHERWIN, Judge.

SATURDAY, DECEMBER 12, 1896.

THE defendant was accused of the crime of assault and battery. He was tried before the mayor of the town of Allison, and was convicted. He appealed to the district court, where the appeal was dismissed, and the defendant was discharged. The state appeals.— *Affirmed.*

*J. W. Arbuckle,* county attorney, and *J. H. Scales* for the state.

*C. M. Greene* for appellee.

ROTHROCK, C. J.—The defendant was arrested upon a warrant issued by a justice of the peace. He made an application for a change of venue, which was granted, and the justice made an order transferring the case to the mayor of the town of Allison, he being

nearer than any other justice of the peace in the township. The defendant objected to the order, and demanded that the case be sent to the next nearest justice of the peace. When the transcript was filed before the mayor, the defendant demurred to the jurisdiction of that officer or court. The demurrer was overruled, and the defendant excepted. A trial was had, and the defendant was found guilty, and sentenced to imprisonment in the county jail for ten days. An appeal was taken to the district court, where, on the motion of the defendant, the prosecution was dismissed, and the defendant was discharged, because the mayor did not have jurisdiction to try the case. The question to be determined is, should the justice have transferred the case to the next nearest justice of the peace? It is provided by section 4671 of the Code that when a proper application has been filed in a case commenced before a justice of the peace, "the justice must immediately transmit all the original papers, and a transcript of all of his docket entries in the case, to the next nearest justice in the township," and said section further provides that, in case the next nearest justice is disqualified from acting in the trial of the case, the venue shall be changed "to the next nearest justice in the county" against whom no disqualifying objection exists. By section 506 of the Code it is enacted that the mayor of a city or incorporated town shall have the jurisdiction of a justice of the peace, "and the rules of law regulating proceedings before a justice shall be applicable to proceedings before such mayor." This last section of the statute makes no specific provision for a change of venue from a mayor to a justice of the peace. In *Finch v. Marvin*, 46 Iowa, 384, this court held that, as the law provides that the rules of law regulating proceedings before a justice of the peace shall be applicable to proceedings before a mayor, a change of

venue from a mayor to a justice of the peace might be had. But it was not determined in that case, nor in any case cited in argument by counsel, that a change of venue may be had from a justice of the peace to the mayor of a city or town. Section 4671 of the Code, above quoted, provides just what a justice of the peace shall do in the matter of making such an order. He is required to send the case to the next nearest justice in the township, and may, upon the contingency provided in the statute, transfer it to another justice in the county. No provision is made for sending it to the next nearest mayor of a city or town. The word "justice" is not a general term, applicable alike to all courts having jurisdiction of minor offenses. It is used throughout the statute as applicable to justices of the peace, and not to mayors or judges of police courts or other officers. We think the court correctly held that the order changing the venue to the mayor of Allison was error, and that the mayor acquired no jurisdiction to try the defendant for the alleged offense. It is to be remembered that this case does not involve the rights of a defendant who, by his acts, consents to a change to a justice of the peace who is in fact not the next nearest to the justice before whom the case was commenced. The defendant herein objected and protested against being taken before the mayor, at every opportunity he had up to the final dismissal in the district court.

It is contended that an appeal from the mayor was not the proper remedy. We think that, as this is a criminal case, and the jurisdiction of the mayor was challenged at every step in the proceeding, the error was properly reviewed by the district court on an appeal from the judgment of the mayor.—AFFIRMED.