STATE OF IOWA v. WILLIAM JAMISON, Appellant.

104  343
143  585

**Former Jeopardy: COURT AND JURY.** When, under the law, or for want of evidence, a plea of former conviction is not sustained the court may so charge the jury.

**Pleading.** The state may defeat a former conviction by showing that the court in which the defendant was convicted had no jurisdiction without alleging that fact in the replication, as the rules in

civil cases have no application to criminal procedure and Code, section 4349, expressly provides that no replication or further pleading is necessary to a plea of former adjudication.

*Appeal from Butler District Court.*—Hon. P. W. Burr, Judge.

Wednesday, January 19, 1898.

The defendant was convicted of assault and battery, and from a judgment imposing a fine of twenty-five dollars he appeals.—*Affirmed.*

*C. M. Greene* for appellant.

*Milton Remley*, attorney general, and *J. W. Arbuckle* for the state.

Ladd, J.—After the discharge of the defendant by the district court, as recited in *State v. Jamison*, 100 Iowa, 342, another information was filed with C. L. Jones, a justice of the peace, accusing him of the same offense, and to which he entered a plea of guilty. He withdrew this on appeal, and pleaded not guilty, and that he had been convicted of the identical offense before the mayor of Allison. The defendant having introduced that officer's record of conviction, the state introduced that of the district court, adjudging the mayor to have been without jurisdiction. It is urged that this was in the nature of a confession and avoidance of the special plea of the defendant, and was not admissible without a reply. See Code 1873, section 2718. But the rules of pleading in civil cases have no application to criminal procedure. The statute expressly provides that to the plea of former adjudication no replication or further pleading is necessary. Code 1873, section 4349. Any evidence which tended to overcome that plea was admissible.

II.  The record shows conclusively that the former conviction was by a tribunal without jurisdiction, and the court very properly advised the jury to disregard the special plea of the defendant.  The only issue was purely one of law, and might have been raised by demurrer, had the facts been fully pleaded.  *State v. Callendine,* 8 Iowa, 289; *State v. Redman,* 17 Iowa, 329.  And when, under the law, or for want of evidence, the plea is not sustained, the court may so charge the jury.  *State v. Parker,* 66 Iowa, 586, Wharton, Criminal Pleading and Practice, 484, and note.

The motion to retax costs was properly overruled. —AFFIRMED.