DOORNBOS, Respondent, v. IHDE, Appellant.

No. 9003.

Submitted January 25, 1951. Decided March 2, 1951.

228 Pac. (2d) 235.

Mr. Chief Justice Adair dissented.

Mr. Edmond G. Toomey, Mr. Charles N. Wagner, Helena, Mr. Frank E. Blair, Mr. Robert J. Webb, Virginia City, for appellant.

Mr. Lyman H. Bennett, Jr., Virginia City, for respondent.

Mr. Blair and Mr. Bennett argued orally.

MR. JUSTICE ANGSTMAN:

This action was brought by plaintiff to foreclose a lien upon certain goats, and for damages caused by them to plaintiff's crops.

The facts are substantially these: Plaintiff was the owner and operator of a certain ranch. On the afternoon of September 11, 1949, he saw some goats in what was called the Noble field on his ranch. These goats belonged to defendant. Plaintiff again saw them in the field on the 12th day of September. He saw them again in his field on the 19th of September and took them and placed them in a corral on his premises. The corral was located on the south half of section 28, but the place where they were grazing when he took them into possession was in the north half of the section.

The court after trial made findings of fact and conclusions of law in favor of plaintiff and entered judgment accordingly. Defendant has appealed from the judgment.

The first point raised by defendant is that plaintiff did not perfect a lien in compliance with the statute because he contends the proper notice was not given.

R. C. M. 1947, section 46-1410, provides in part as follows: "The person taking any such animal into his possession shall, within seventy-two hours thereafter, give written notice to the owner or person in charge of the animal * * * In all cases a copy of said notice shall likewise be posted at a point where said stock was taken up."

The record shows that a written notice was served upon defendant personally. A copy was posted at the corral where the goats were impounded. Defendant contends there was failure of compliance with this statute because copy of the notice was not posted at a point where the goats were taken up. It is his contention that notice should have been posted where the goats were grazing when plaintiff took possession of them.

It should be noted that the point where the defendant took possession of the goats was from one to one and a half miles distant from the corral where they were impounded. It is of course well settled that proceedings to impound must be strictly complied with in order to acquire a lien. Jorgenson v. Story, 78 Mont. 477, 254 Pac. 427; 3 C. J. S., Animals, sec. 192, page 1304; 2 Am. Jur., Animals, sec. 149, p. 801.

Here it is conceded that defendant was personally served with adequate notice; he acted upon the notice. A few days after the notice was served upon him he went to the premises of plaintiff and examined the goats in the corral; he and others examined the wheat field where the goats were grazing when taken possession of by plaintiff—plaintiff pointing out the field to them—in an effort to ascertain the extent of the damages done. Had there been any defect in the notice, defendant waived it under the circumstances here shown. Compare: Red Hawk v. Joines, 129 Or. 620, 278 Pac. 572. There was, however, no defect in the service of notice.

In Jaquith v. Royce, 42 Iowa 406, the court held that the term "take up", as used in an ordinance providing for

impounding cattle running at large, necessarily includes the idea of confining. Hence a notice posted where the goats were confined is a notice where they were "taken up." There is no merit in defendant's contention that adequate notice was not served.

The next contention of defendant is that plaintiff, having seen the goats in his field as early as September 11th and 12th, was charged with the duty of repairing his fences before the damages were done on September 19th. The evidence shows that plaintiff's fence crossed two draws or gulches and that goats could conveniently go under the fence into plaintiff's field at the bottom of these draws. But under some circumstances R. C. M. 1947, section 46-1410, permits a person to take animals into his possession regardless of whether the premises are enclosed by a legal fence. He may do so if the animals are "wrongfully upon" his premises.

Section 46-1704 provides: "It shall be unlawful for any owner or owners, person or persons in control of swine, sheep or goats, to wilfully permit the same to run at large."

Defendant admitted that he turned his goats out without fencing them and without a herder. Clearly they were wrongfully upon the premises of plaintiff and this whether plaintiff had a legal fence or not. The court did not err in holding that plaintiff was not precluded from recovery by reason of the condition of his fences.

The next assignment of error raises the point that plaintiff retained more goats than was justified under the circumstances considering the value of the goats and the extent of the damages inflicted by them.

Under section 46-1410 the plaintiff is permitted to retain only "a sufficient amount of such stock to cover the amount of damages claimed by him." Here there was sharp conflict in the evidence as to the value of the goats. Likewise there was a dispute in the record as to the extent of the damages done by them and the cost of feeding them while retained by plaintiff.

We cannot say from the record that the evidence does not

support the trial court's finding. There is ample evidence in the record to show that the value of the goats was not disproportionate to the damage caused by them and claimed by plaintiff and hence we cannot say that the court was not warranted in finding that plaintiff was justified in retaining all of the goats to satisfy his claim for damages.

Defendant contends that the court erred in not awarding him damages under his cross-complaint. Defendant submitted some evidence that plaintiff did not milk the goats and that by reason thereof they were injured. It is sufficient answer to say that the evidence on this point too was conflicting. Plaintiff testified that he did milk the goats. There is evidence also to the effect that defendant himself did not milk them regularly. In any event if the goats were being injured by failure to milk them, defendant knew it within two or three days after the goats were confined by plaintiff and the court was justified in concluding that defendant could and should have milked them himself either where they were confined or that he should have regained possession of them by giving a bond as provided in section 46-1410 and giving the goats the care which he thought they should have.

Defendant next contends that the statute authorizing the procedure followed by plaintiff was and is unconstitutional. A like question was before this court in Thompson v. Tobacco Root Co-op., State Grazing Dist., 121 Mont. 445, 193 Pac. (2d) 811. There we upheld a statute similar in terms to the one under consideration here. We hold that the statute is valid.

Plaintiff by cross-assignment of error contends that the court erred in finding that the sum of ten cents per goat per day is a reasonable sum for caring for and feeding the goats. He asked for and submitted proof that fifty cents per goat per day was the reasonable sum for caring for the goats. Since plaintiff filed no cross-appeal he is in no position to complain of the court's finding in this respect.

The error, if such it be, is not of a compensatory character

under section 93-8023. It would not call for the same, but a different result from that obtained, and in consequence to predicate error thereon a cross-appeal should have been taken.

We have given consideration to other points raised by defendant but we find no reason for disturbing the judgment of the trial court.

The judgment is affirmed.

MR. JUSTICES METCALF, BOTTOMLY and FREE-BOURN, concur.

MR. CHIEF JUSTICE ADAIR: (dissenting).

R. C. M. 1947, section 93-8023, requires this court, on appeals in civil cases, to review the errors made not only against the appellant but those made in his favor, if such errors are shown upon the record. This statute enables the respondent to have errors made against him reviewed where the record shows the orders, rulings or proceedings of which respondent complains and his objections thereto. The instant action is a suit in equity and on the appeal respondent has made a cross-assignment of error. He is not required to also file a cross-appeal to entitle him to invoke the statute and have this court review the questions of fact arising upon the evidence presented in the record before us, R. C. M. 1947, sec. 93-216, and I do not agree that because of his failure to file a cross-appeal, respondent "is in no position to complain of the court's finding" whereof respondent complains in his cross-assignment.