**Ralph James MARZEN, Appellee,**

v.

**John KLOUSIA, Franklin County Magistrate Appellant.**

**No. 66101.**

Supreme Court of Iowa.

March 17, 1982.

Rehearing Denied April 14, 1982.

Michael J. Cross of Coonley & Coonley, Hampton, for appellant.

Philip F. DeMoss, Sheffield, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK, and McGIVERIN, JJ.

McGIVERIN, Justice.

This case raises the issue of whether Iowa R.Crim.P. 45 is constitutional under Iowa Const.Art. I, § 11. We find that it is.

On June 7, 1980, plaintiff Ralph James Marzen was charged with reckless driving in violation of a section of the city code of Hampton. That code also provided that reckless driving is a simple misdemeanor punishable by a fine of not more than one hundred dollars or by imprisonment for not more than thirty days. Marzen pled not guilty to the charge and made a timely request for a jury trial pursuant to Iowa R.Crim.P. 45.

The City of Hampton moved to strike Marzen's request on the ground that Iowa Const.Art. I, § 11 required the case to be tried without a jury. John Klousia, defendant in this certiorari action, is a part-time magistrate appointed under section 602.50, The Code. The magistrate sustained the City's motion, struck the jury trial demand, and set the case for trial to the court without a jury.

Marzen then filed a petition for writ of certiorari in district court alleging defendant magistrate's ruling was illegal and violative of constitutional provisions concerning jury trial. A writ of certiorari issued. Iowa R.Civ.P. 309. After hearing, the district judge found defendant had acted illegally in striking Marzen's request for jury trial and sustained the writ of certiorari. Iowa R.Civ.P. 315, 316. Defendant magistrate appeals.

Iowa R.Crim.P. 45 provides, in pertinent part:

Upon a plea other than guilty the magistrate shall set a trial date which shall be at least fifteen days after the plea is entered. The magistrate shall notify the prosecuting attorney of the trial date and shall advise the defendant that the trial will be without a jury unless demand for jury trial is made at least ten days prior to the date set for trial. Failure to make

a jury demand in the manner prescribed herein constitutes a waiver of jury. . . .

Iowa Const.Art. I, § 9 provides "[t]he right of trial by jury shall remain inviolate . . . ." Iowa Const.Art. I, § 10 provides: "In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial by an impartial jury . . . ."

Iowa Const.Art. I, § 11 provides:

All offences less than felony and in which the punishment does not exceed a fine of One hundred dollars, or imprisonment for thirty days, shall be tried *summarily* before a Justice of the Peace, or other officer authorized by law, on information under oath, without indictment, or the intervention of a grand jury, saving to the defendant the right of appeal . . . .

(Emphasis added).

Defendant contends that Iowa R.Crim.P. 45 is rendered unconstitutional by Iowa Const.Art. I, § 11. Defendant says the word "summarily" in Art. I, § 11 requires that simple misdemeanors be tried by a magistrate without a jury and that contrary legislation, as provided by rule 45, allowing a jury in such cases is unconstitutional. To support this contention defendant cites *Zelle v. McHenry*, 51 Iowa 572, 2 N.W. 264 (1879). In *Zelle*, the criminal defendant was convicted of "selling beer and other malt and vinous liquors" in violation of a Des Moines municipal ordinance. *Id.* at 572, 2 N.W. at 265. That defendant's demand for jury trial had been denied by the trial court. After being incarcerated, defendant petitioned for a writ of habeas corpus, which was granted. *Id.*, 2 N.W. at ‘265. On appeal, we said of the defendant's constitutional right to a jury trial:

[defendant] was not entitled to a trial by jury by virtue of the provisions of the Constitution, because Article 1, § 11 provides that all offenses in which the punishment does not exceed one hundred dol-

lars, or thirty days imprisonment, shall be tried summarily before a justice of the peace or other officer authorized by law, saving the defendant the right of appeal. By saving the right of appeal to a court where the defendant may demand that he be tried by a jury, the provision is consistent with article 9 of the Bill of Rights, which declares that the right of trial by jury shall remain inviolate.

*Id.* at 574, 2 N.W. at 266.

■■■ We agree with what we said in *Zelle* over one hundred years ago. Under Iowa Const.Art. I., § 11 there is no constitutional right to a jury in the trial of criminal charges that can be punished by fines not exceeding one hundred dollars or imprisonment for not longer than thirty days.[1] Of course, a defendant may receive a jury trial when he appeals a conviction entered by a part-time magistrate. Iowa R.Crim.P. 54, 45; *City of Des Moines v. Putzier*, 264 N.W.2d 733, 735 (Iowa 1978); *see State v. Uebberheim*, 263 N.W.2d 710, 713 (Iowa 1978). This procedure satisfies Iowa Const. Art. I, §§ 9, 10. *See City of Des Moines v. Pugh*, 231 Iowa 1283, 1289, 2 N.W.2d 754, 757 (1942); *City of Creston v. Nye*, 74 Iowa 369, 371, 37 N.W. 777, 778 (1888).

*Zelle* provides a second analytical step beyond the Constitution to resolve the contention of defendant magistrate: "We are next to inquire whether the plaintiff was entitled to a trial by jury, by virtue of any statute law." 51 Iowa at 574, 2 N.W. at 266.

■ In *Zelle*, we found that the legislation establishing and regulating police courts did not provide for jury trials when the court tried municipal ordinance violations. *Id.* at 574–75, 2 N.W. 266–67. The various inferior courts that existed at the time of *Zelle* have been abolished. Chapter 1124, 64th G.A. (1972). Chapter 602 of the Code establishes a unified trial court known as the Iowa District Court. Section 602.60

---

**1.** U.S.Const.Amend. VI does not require a jury trial for the trial of petty offenses. *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491, 502 (1968). Under the sixth amendment, "no offense can be deemed

'petty' for the purposes of the right to trial by jury where imprisonment for more than six months is authorized." *Baldwin v. New York*, 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437, 440 (1970).

provides that judicial magistrates of the district court shall have jurisdiction of simple misdemeanors, including traffic and ordinance violations. *City of Webster City v. Draheim*, 292 N.W.2d 406, 408 (Iowa 1980). Marzen was charged with a simple misdemeanor. Iowa R.Crim.P. 45 applies to trials of simple misdemeanors by virtue of section 602.62, which establishes procedure for judicial magistrates. Iowa R.Crim.P. 45 entitles a defendant to a jury trial upon timely request in the trial of a simple misdemeanor. Thus, under the *Zelle* analysis, Marzen has a statutory, although not a constitutional, right to a jury trial. Iowa Const. Art. I, § 11 allows summary nonjury trials of simple misdemeanors. It does not mandate them.

We find that the language of Iowa Const. Art. I, §§ 9–11 was intended to safeguard the right to a trial by jury from violation or destruction; it was not intended to prevent the legislature from extending the right to further areas of litigation. *See People v. Woerly*, 50 Ill.2d 327, 329, 278 N.E.2d 787, 788 (1972).

> [T]he primary purpose of the jury is to prevent the possibility of oppression by the Government; the jury interposes between the accused and his accuser the judgment of laymen who are less tutored perhaps than a judge or panel of judges, but who at the same time are less likely to function or appear as but another arm of the Government that has proceeded against him.

*Baldwin v. New York*, 399 U.S. at 72, 90 S.Ct. at 1890, 26 L.Ed.2d at 442. The legislature has chosen to extend this protection to the trial of simple misdemeanors before a magistrate for those defendants who properly invoke it. In the present case, Marzen timely requested this protection.

We hold that defendant part-time magistrate, although exercising a judicial function, acted illegally in his order denying Marzen a jury trial in his simple misdemeanor case after timely demand was made therefor under Iowa R.Crim.P. 45. The

writ of certiorari was properly sustained by the district judge.

AFFIRMED.