# IN THE COURT OF APPEALS OF IOWA

No. 16-1449
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SCOTT BOWMAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cedar County, Theresa J. Seeberger, Magistrate (trial), and Gary P. Strausser, District Associate Judge (appeal).

A defendant appeals his conviction for speeding. **AFFIRMED.**

Scott T. Bowman, Donahue, appellant pro se.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Scott Bowman appeals the magistrate court's denial of a jury trial and his conviction for speeding in the bench trial that followed. We find Bowman's demand for a jury trial was untimely and we affirm the district court.

**I. Background Facts and Proceedings**

On February 10, 2016, Scott Bowman received a citation for speeding, in violation of Iowa Code section 321.285 (2016). The citation set his initial appearance for March 1. Rather than appearing in person on that date, Bowman filed a written plea of not guilty and requested a trial be set. On March 3, the court entered an order scheduling a non-jury trial, which was sent to Bowman. On March 14, the State filed a motion to continue, and in his resistance to the motion, Bowman continued to request a non-jury trial. On March 30, the district court granted the continuance and scheduled a non-jury trial for April 28.

On April 6, Bowman filed a motion to withdraw his request for a non-jury trial and filed a late demand for a jury trial. His request was twenty-six days beyond the ten-day deadline required by Iowa Rule of Criminal Procedure 2.64. The court entered an order stating Bowman filed the jury demand beyond the required deadline but questioned whether Bowman was aware of the timeframe. The court determined the issue could be resolved at a later hearing.

On July 6, the court denied Bowman's untimely request for a jury trial and proceeded to a bench trial. The court found Bowman guilty of speeding and fined him eighty dollars. Bowman appealed to the district court, pursuant to Iowa Rule of Criminal Procedure 2.73(3), and the district court affirmed his conviction.

Bowman filed an application for discretionary review, which our supreme court granted.

## II. Standard of Review

We review the application of the Iowa Rules of Criminal Procedure for correction of errors at law. *State v. Mootz*, 808 N.W.2d 207, 214 (Iowa 2012). To the extent Bowman raises any constitutional claims, our review is de novo. *Id.*

## III. Demand for Jury Trial

Bowman claims the denial of a jury trial infringed on his constitutional due process rights. He concedes he missed the deadline to request a jury trial. However, he claims the court should excuse the untimely demand, as he was never personally informed of the deadline.[1] The State claims there is no right to a jury trial afforded to petty offenses and pro se litigants are not held to a different standard than attorneys. We agree.

The Iowa Constitution does not afford the right to trial by jury in all criminal cases. *Marzen v. Klousia*, 316 N.W.2d 688, 690 (Iowa 1982). "[T]here is no constitutional right to a jury trial for criminal charges that can be punished by fines not exceeding one hundred dollars or imprisonment for not longer than thirty days." *Id.* (citing Iowa Const. Art. I, § 11). Here, Bowman faced a fine of eighty dollars. *See* Iowa Code § 805.8A. He did not face the potential of imprisonment for any length of time. *See id.* Bowman had neither a state nor

---

[1] Both the initial order on March 3 and the March 30 order clearly stated the trial was set as a non-jury trial.

federal constitutional right to a jury trial. *See Baldwin v. New York*, 399 U.S. 66, 68 (1970); *Marzen*, 316 N.W.2d at 690.

Although defendants charged with simple misdemeanors do not have a constitutional right to a trial by jury, Iowa Rule of Criminal Procedure 2.64 "entitles a defendant to a jury trial upon timely request in the trial of a simple misdemeanor." *Marzen*, 316 N.W.2d at 691. Simple misdemeanors are tried without a jury unless the defendant demands a jury trial no later than ten days after the not-guilty plea. Iowa R. Crim. P. 2.64. Failure to make a timely demand constitutes a waiver of a trial by jury. *Id.*

Bowman filed a plea of not guilty on March 1, 2016. He did not demand a jury trial until April 6, over a month later. His demand was outside the ten-day period set forth in the Iowa Rules of Criminal Procedure, and his failure to make a timely demand constituted a waiver of his right to a jury trial. *See id.* Bowman concedes he did not comply with the procedure as prescribed. *See id.* He claims, however, this court should excuse his failure to make timely demand because he was unaware of the deadline until March 30, when he appeared in court for the first time.

Bowman is not entitled to deferential treatment simply because he is a pro se litigant. *See Kubik v. Burk*, 540 N.W. 60, 63 (Iowa Ct. App. 1995) (rejecting the pro se litigant's argument his failure to comply with statutory requirements should be excused as he was untrained in the law). The law holds attorneys and lay persons to the same standard. *Id.* The court would not excuse a lawyer's failure to make a timely jury demand under these circumstances. *See Peoples Nat. Gas Co. v. City of Hartley*, 497 N.W.2d 874, 875-76 (Iowa 1993) (holding

"counsel's inadvertence and oversight do not constitute 'good cause' for failure to make timely jury demand").  Pro se litigants forgo trained, professional representation "at their own risk."  *See Kubik*, 540 N.W.2d at 63.  Bowman's failure to make a timely jury demand cannot be excused.  We affirm.

**AFFIRMED.**