Potter, J.
This is an application for the discharge of Charles Dixon from the lunatic asylum.
He was several months since confined in the asylum, under regular proceedings taken pursuant to the statute in relation to insane persons.* His parents, at whose instance he was placed in the asylum for the insane, now apply for his discharge under a writ of habeas corpus, alleging that he has recovered his reason, and that the superintendent refuses to give the necessary certificate for his discharge.
The matters set forth in the petition are probably insufficient to warrant the issuing of the writ, techni'cally considered ; but these objections were not made before the return and traverse of it, and some of them are supplied by the return.
The points made by the respondent’s counsel are, doubtless, correct, and would afford a sufficient answer, if the discharge was sought upon the ground that the confinement was procured through illegal or irregular proceedings.
If the discharge depended upon the forms or the *119 merits of the proceedings which resulted in the confinement of the patient, the application would have to be denied ; but such is not the case. The petitioner makes no question that his 'confinement was not legal and right in the condition of the patient when placed in the asylum. The contention now is, that the patient is now sane and should be no longer confined.
I do not doubt that it is the appropriate office of the writ of habeas corpus, however legal and proper the confinement may have been at its beginning, and while the patient was insane, to restore the patient to his liberty and to society, when his sanity is established. No more appropriate or different remedy has been suggested by the respondent, and none occurs to the court.
To detain him after his restoration to sanity, would be like detaining a prisoner after he had served out the period of his.sentence, or the defendant in execution after he had become entitled to his discharge by satisfying the demands of the law.
I think there can be no doubt that habeas corpus would be appropriate to afford relief in such a case. By section 2032 of the Code of Civil Procedure, the prisoner is to be remanded, if it appears that he is detained for either of the following causes, and that the time for which he may legally be so detained has not expired.
This principle was the ground of the decision in People ex rel. Tweed v. Liscomb (60 N. Y. 559, 605): “The term of imprisonment (which the court was competent to impose) having expired, the prisoner was entitled to his discharge.”
The tribunal who gave the certificate of insanity in this case was only competent to imprison for and during the insanity. When the insanity ceases, the power to longer detain the patient ceases.
Has the insanity ceased ? That is alleged and de *120 nied in the papers before the court, and I am unwilling to decide that question upon the evidence before me.
That question should be tried by a jury, or the court should be furnished with more evidence through a reference.
While the latter course is in some respects objectionable, it is more clearly within the power of the court, and more practicable than the former. A reference will therefore be ordered.

 See L. 1874, c. 446.