Potter, J.
This is a proceeding by habeas corpus, directed to the physician and medical superintendent of the New York City Lunatic Asylum, to bring before the court Lucy Emily Laurent, who is detained in such asylum, with the cause of such detention. The return to the writ shows that she is detained as a lunatic under proceedings provided by statute declaring her to be a lunatic, and that at the time of the service of the writ and of the making the return to such writ she continued a lunatic. The traverse by the petitioner *121 contains much irrelevant matter, in relation to the designs of the brother and Ms acts in procuring a power of attorney from the .petitioner and the execution of a mortgage by virtue of the power, upon the property of the petitioner. So much of the traverse as is pertinent to the question of her insanity and her discharge nnder the writ seems to allege or assume her insanity, and to charge the brother with having been the cause of it. Of course, if insane, and so long as her insanity continues, she must remain in the asylum under authority of the law. Upon this state of the case, the writ should be dismissed, and the petitioner be remanded. But counsel for the petitioner, notwithstanding the situation of the petitioner, as shown by the allegations in the return and traverse, desires a trial of the question of her sanity by a referee or a struck jury. The return shows that proceedings have been instituted and commissioners already appointed, under title 6 of chapter 17, section 2323, to determine the question of her sanity, with the aid of a jury. That proceeding is regular, is taken pursuant to the statute, and is pending. Under it the petitioner will have the question of her sanity passed upon by a jury, and if not satisfied with a jury, before commissioners. The court to whom the application was made, was authorized to order the trial to take place by a jury before the court, at a trial term thereof, and no doubt the court, upon a proper application and for good reason, would change the present order and direct this trial to be had in the latter mode (Code Civ. Pro. § 2727). It seems to me that it would be a strange and anomalous exercise of power by the court, upon habeas corpus, to interfere with the proceeding, pending the trial of the issue of sanity, pursuant to regular legal processes for that purpose. It is no part of the office of the writ of habeas corpus to change the course of legal procedure, or to provide *122 another or different mode of trial of a question than that provided by law. The office of the writ is to determine whether a person is illegally restrained of his or her liberty. If insane, as she has been declared to be by authority of law, and as is, moreover, alleged in her traverse, she should be restrained until the question of her sanity is determined according to law.
The writ should be dismissed, and the petitioner be remanded to the custody of the superintendent.