## In re LARNER.

(Supreme Court, Appellate Division, Second Department. January 23, 1903.)

1. HABITUAL DRUNKARD—DISCHARGE FROM CUSTODY OF COMMITTEE—PRIOR ADJUDICATION—EFFECT AS RES JUDICATA.

Code Civ. Proc. § 2343, provides that, when a person for whom a committee has been appointed becomes competent to manage himself or his affairs, the court shall make an order discharging the committee. Held, that a finding by the jury in proceedings under this section that an habitual drunkard was not competent, which was subsequently confirmed by order of the supreme court, would not preclude habeas corpus proceedings a month later to secure the drunkard's release from the committee's custody, as in the interim she might have reformed. .

**2. HABEAS CORPUS—HABITUAL DRUNKARD—EXPIRATION OF TERM OF DETENTION.**
Code Civ. Proc. § 2032, provides that in habeas corpus the prisoner must be remanded to custody if he is detained by virtue of a final order of a competent tribunal made in a special proceeding, and the period of detention has not expired. *Held*, that the fact that the petitioner was detained by virtue of such an order made in proceedings to declare her an habitual drunkard would not preclude her subsequent discharge on habeas corpus, where it appeared that she had ceased to be an habitual drunkard.

**8. SAME—DISCHARGE ON PROBATION—APPEAL—RIGHT TO ALLEGE ERROR.**
Code Civ. Proc. § 2031, provides that in habeas corpus proceedings the court must make immediate examination into the facts, and make a final order discharging the prisoner if no lawful cause for imprisonment is shown. *Held*, that a committee of an habitual drunkard could not complain on appeal of the probationary character of an order releasing the drunkard from its custody, to be recommitted if she relapsed; the error, if any, not being prejudicial to the committee.

Appeal from special term, Kings county.

Habeas corpus by Alma Louise Larner, an habitual drunkard, to secure release from the custody of her committee, Henry L. Goodwin and William D. Granger. From an order directing relator's discharge on probation, the committee appeals. Affirmed.

See 74 N. Y. Supp. 70; 78 N. Y. Supp. 326.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Charles Blandy, for appellants.
W. W. MacFarland, for respondent.

WILLARD BARTLETT, J. This is a habeas corpus proceeding, prosecuted in behalf of an habitual drunkard to procure her release from the custody of her committee on the ground that she has recovered her competency. The return to the writ of habeas corpus showed that about a month before the hearing herein, in proceedings for a supersedeas of the commission under section 2343 of the Code of Civil Procedure, a jury in the First judicial department had found that the petitioner was not cured of her habit of overindulgence in intoxicating liquors, and that such verdict had subsequently been confirmed by an order of the supreme court. It is contended that this adjudication should have been deemed conclusive in the present proceeding, but we do not think so. It is true that, if the application under section 2343 of the Code to supersede the commission had been pending at the time of the return of the writ here, the proper course would have been to dismiss the writ. In re Laurent, 11 Abb. N. C. 120. Inasmuch, however, as that proceeding was terminated, the restrained person might properly invoke the writ of habeas corpus to procure her release on the ground that occurrences since that adjudication demonstrated her restoration to competency. In re Dixon, 11 Abb. N. C. 118. Although the cases cited are only special term decisions, they were made by Mr. Justice Joseph Potter, who was subsequently a member of the Second division of the court of appeals, and the opinions commend themselves to our approval by the reasoning therein contained.

The fact that the petitioner was detained by virtue of a final order of a competent tribunal of civil jurisdiction, made in a special proceeding, did not necessarily prevent her discharge under section 2032 of the Code of Civil Procedure, if it appeared that the time for which she might legally be detained under such final order had expired; and it did appear that she showed to the satisfaction of the judge who heard the habeas corpus proceeding that she had ceased to be an habitual drunkard. We are not disposed to interfere with his conclusion to this effect. It was based not only upon a reading of the testimony taken before the jury in the supersedeas proceeding in New York county, but upon additional evidence, and upon the personal appearance and demeanor of the petitioner; and under the circumstances an appellate tribunal should not interfere with the action of the judge of first instance, unless it clearly appears that he has made a mistake.

The order appealed from is criticised on the ground that the court below had no power to grant the discharge on probation. As to this portion of the order the judge said in his opinion:

"One year ago, when the relator was before me seeking release, I remanded her for one year, not feeling certain that a complete cure of her appetite for intoxicants had been effected. She now comes back claiming to be cured, and to all appearances she is. It will not do to keep her in perpetual imprisonment on the theory that she will relapse if let out. But I will not finally discharge her. Let an order be made that she be released on probation, to be recommitted if she relapses, and that she appear before me on the second Monday of November next."

In respect to this feature of the decision the learned counsel for the appellants argues that the learned judge was required by section 2031 of the Code of Civil Procedure to make a final order discharging the petitioner if no lawful cause was shown for the continuance of her restraint, and that he could not limit the effect of his order in the manner attempted. Whatever might be said of this objection if it was made in behalf of the petitioner herself, it furnishes no legal cause of complaint to her committee that the order for her discharge was qualified, instead of being absolute. For these reasons we think the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.