In the Matter of the Application of ALMA LOUISE LARNER, Respondent, for a Writ of Habeas Corpus to Inquire into the Cause of her Restraint.

HENRY L. GOODWIN, Committee of the Person of ALMA LOUISE LARNER, and WILLIAM D. GRANGER, Appellants.

*Discharge of an habitual drunkard from the care of her committee — a denial of an application for a* supersedeas *under section* 2343 *is not a bar to a proceeding by habeas corpus — release on probation.*

An adjudication that an habitual drunkard was not cured of her habit of over-indulgence in intoxicating liquors, made in proceedings instituted under section 2343 of the Code of Civil Procedure for a *supersedeas* of her committee, is not conclusive in a habeas corpus proceeding instituted by the habitual drunkard, about a month after the termination of the *supersedeas* proceedings, to procure her release from the custody of her committee upon the ground that occurrences, which have happened since the adjudication in the *supersedeas* proceeding, demonstrated her restoration to competency.

*Semble,* that if the *supersedeas* proceeding had been pending at the time of the return to the writ of habeas corpus, the proper course would have been to dismiss the writ.

The objection that the judge before whom the writ of habeas corpus was returnable had no power to discharge the petitioner upon probation is not available to the committee, even if it would have been available to the petitioner.

APPEAL by Henry L. Goodwin, committee of the person of Alma Louise Larner, and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of June, 1902, directing that Alma Louise Larner be discharged on probation from the custody of the appellants.

*Charles Blandy,* for the appellants.

*W. W. MacFarland,* for the respondent.

WILLARD BARTLETT, J.:

This is a habeas corpus proceeding, prosecuted in behalf of an habitual drunkard to procure her release from the custody of her committee on the ground that she has recovered her competency. The return to the writ of habeas corpus showed that, about a month before the hearing herein, in proceedings for a *supersedeas* of the

commission under section 2343 of the Code of Civil Procedure, a jury in the first judicial department had found that the petitioner was not cured of her habit of over-indulgence in intoxicating liquors, and that such verdict had subsequently been confirmed by an order of the Supreme Court. It is contended that this adjudication should have been deemed conclusive in the present proceeding, but we do not think so. It is true that if the application under section 2343 of the Code to supersede the commission had been pending at the time of the return of the writ here, the proper course would have been to dismiss the writ. (*Matter of Laurent,* 11 Abb. N. C. 120.) Inasmuch, however, as that proceeding was terminated, the restrained person might properly invoke the writ of habeas corpus to procure her release on the ground that occurrences since that adjudication demonstrated her restoration to competency. (*Matter of Dixon,* 11 Abb. N. C. 118.) Although the cases cited are only Special Term decisions, they were made by Mr. Justice JOSEPH POTTER, who was subsequently a member of the Second Division of the Court of Appeals, and the opinions commend themselves to our approval by the reasoning therein contained.

The fact that the petitioner was detained by virtue of a final order of a competent tribunal of civil jurisdiction, made in a special proceeding, did not necessarily prevent her discharge under section 2032 of the Code of Civil Procedure, if it appeared that the time for which she might legally be detained under such final order had expired; and it did appear that she showed to the satisfaction of the judge who heard the habeas corpus proceeding that she had ceased to be an habitual drunkard.

We are not disposed to interfere with his conclusion to this effect. It was based not only upon a reading of the testimony taken before the jury in the *supersedeas* proceeding in New York county, but upon additional evidence and upon the personal appearance and demeanor of the petitioner; and under the circumstances an appellate tribunal should not interfere with the action of the judge of first instance, unless it clearly appears that he has made a mistake.

The order appealed from is criticised on the ground that the court below had no power to grant the discharge on probation. As to this portion of the order the judge said in his opinion: " One year ago when the relator was before me seeking release I remanded

her for one year, not feeling certain that a complete cure of her appetite for intoxicants had been effected. She now comes back claiming to be cured, and to all appearances she is. It will not do to keep her in perpetual imprisonment on the theory that she will relapse if let out. But I will not finally discharge her. Let an order be made that she be released on probation, to be recommitted if she relapses, and that she appear before me on the 2nd Monday of November next." In respect to this feature of the decision the learned counsel for the appellants argues that the learned judge was required by section 2031 of the Code of Civil Procedure to make a final order discharging the petitioner if no lawful cause was shown for the continuance of her restraint, and that he could not limit the effect of his order in the manner attempted. Whatever might be said of this objection, if it was made in behalf of the petitioner herself, it furnishes no legal cause of complaint to her committee that the order for her discharge was qualified instead of being absolute.

For these reasons, we think, the order should be affirmed.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.