The State v. Orton.

THE STATE v. ORTON.

1. **Habeas Corpus:** MATTERS NOT REVIEWED BY. *Habeas corpus* cannot be invoked for the purpose of obtaining relief for mere errors and irregularities of a court in a criminal trial, nor for the purpose of determining whether the offense for which the plaintiff is imprisoned is a crime under the statute, nor for the purpose of correcting an erroneous taxation of costs.

*Appeal from an order of the Hon. E. E. Aylesworth, Judge of the Superior Court, Council Bluffs.*

SATURDAY, DECEMBER 12.

AN information was filed before a justice of the peace charging defendant with the crime of disturbing a worshiping congregation. He was convicted, and the justice adjudged that he should pay a fine of $25 and costs, and, in default of immediate payment, that he should be confined in the county jail for the period of eight days. A *mittimus* was served, and the defendant taken into custody by the sheriff. Thereupon, a writ of *habaas corpus* was sued out, and the defendant discharged. The state appeals.

*Stone & Gilliland* and *A. B. Thornell*, for the State.

No appearance for appellee.

SEEVERS, J.—The justice, under section 4023 of the Code, had undoubted jurisdiction of the crime charged in the information. In the petition for the *habeas corpus* the defendant claimed that he was entitled to be discharged from custody on three grounds only. The first is that there was a jury trial, and that the jury returned a sealed verdict, and thereon the judgment was rendered; the second is that the defendant was not guilty of any crime known to the laws of Iowa; and

the third is that the judgment included the costs, and that illegal fees for costs were taxed.

Conceding that all these grounds existed, the defendant was not entitled to be discharged. The return of a sealed verdict by the jury, and the reception of the same by the justice, may have been irregular and erroneous, but clearly it did not have the effect of ousting the justice of jurisdiction. *Habeas corpus* cannot be invoked for the purpose of obtaining relief for mere errors and irregularities of a court. The question whether a crime was committed by the defendant cannot be determined on *habeas corpus*, and it cannot be seriously claimed that an erroneous taxation of costs can be. The foregoing views are supported by *Platt v. Harrison*, 6 Iowa, 79; *Zelle v. McHenry*, 51 Id., 572; *Jackson v. Boyd*, 53 Id., 536.

The order of the judge of the superior court of Council Bluffs, discharging the defendant from custody, is therefore

REVERSED.