Turney v. Barr.

AFFIRMED.

---

## TURNEY V. BARR.

1. **Judgment :** OF IMPRISONMENT : ATTACK BY HABEAS CORPUS. An attack by *habeas corpus* upon the validity of a judgment of imprisonment is of a collateral character, and, unless the judgment is void, no relief can be obtained in such inquiry. (See opinion for citations).

2. ———— : ———— : GROSS IRREGULARITIES NOT AVOIDING : REMEDY : HABEAS CORPUS. The defendant in a criminal case was indicted for grand larceny. He was arraigned, and personally pleaded not guilty, and a jury was impaneled and sworn to try and determine the issue thus raised. But he was in the custody of the sheriff, and was not present when the jury was impaneled and sworn, nor during the trial, nor when the judgment of imprisonment was rendered against him upon a verdict of guilty. Moreover, the verdict was not the result of the deliberation of the jury, but was prepared by the court and signed by one of the jurors as foreman under the direction of the court, and no opportunity was given to the jurors to assent thereto or dissent therefrom ; and no evidence was introduced, except the minutes of the evidence before the grand jury, which were reduced to writing by the clerk, and returned with the indictment. *Held* that these were gross irregularities, but that the court had jurisdiction of the defendant and of the subject-matter, and therefore the judgment was not void ; and that the remedy was by motion for a new trial in the district court, and, if not granted, by appeal, and that the errors could not be reviewed and relief granted upon *habeas corpus* proceedings against the warden of the penitentiary who had him in custody under the judgment. [ REED, J., *dissenting.*]

3. **Verdict:** IN CRIMINAL CASE : DIRECTION BY COURT : NON-CONCURRENCE OF JURORS : EVIDENCE. Where the court directed a verdict of guilty in a criminal case, *held* that the fact that the jury did not determine or consider as to the guilt of the defendant could not be established in a collateral proceeding, for the reason that it inheres in the verdict, and the only evidence thereof attainable is that of a juror, which is not competent to prove such fact. [REED, J., *dissenting.*]

*Appeal from Jones District Court.*—Hon. James D. Giffen, Judge.

Filed, June 9, 1888.

*Habeas corpus.* The plaintiff was remanded to the custody of the defendant, and he appeals.

*C. C. Cole* and *A. H. Denman*, for appellant.

*A. J. Baker*, Attorney General, for appellee.

Seevers, C. J.—The petition states that the defendant is warden of the penitentiary at Anamosa, and, as such, has custody of the plaintiff, who is restrained of his liberty, and that the cause and pretense of such restraint is certain judgments, rendered by the district court of Jackson county in certain criminal actions wherein the state of Iowa was plaintiff and the appellant was defendant, copies of which said judgments are made a part of the petition. The following is a copy of the proceedings of the court, and of one of said judgments, as the same appears of record :

"State of Iowa, Jackson County : Be it remembered that heretofore, to-wit, at a term of the district court of the state of Iowa begun and held * * * in and for said county, * * * present, the Hon. Walter I. Hayes, sole presiding district judge of the Seventh judicial district, * * * the following entitled cause coming on to be heard, * * * the following, among other, proceedings were had therein, to-wit : State of Iowa *v.* Chester Turney. ( Larceny.) Now, on this tenth day of December, A. D. 1885, this cause came on for trial, the plaintiff appearing by M. V. Gannon, district attorney, and, the defendant being without means with which to employ counsel, the court appointed A. D. Wynkoop, Esq., attorney to defend him. The defendant being arraigned, says he is indicted by his right name, and pleads not guilty ; and thereupon came a jury of twelve men, who were duly sworn to well and truly try said cause, and a true verdict render therein ; and the said jury, having heard the evidence, and received the charge of the court, returned their verdict in words and

figures following, to-wit: 'We, the jury, find the defendant guilty, and find the property stolen to be of the value of forty-five dollars. R. C. Westbrook, Foreman.' And on the same day, to-wit, December 10, 1885, the court sustained the verdict, and sentenced the defendant ( he waiving time ) to imprisonment in the penitentiary at Anamosa, at hard labor, for the term of six months. It is therefore ordered by the court that the defendant, Chester Turney, be taken by the sheriff, and conveyed to the penitentiary at Anamosa, Iowa, and confined at hard labor for the term of six months, and that D. A. Wynkoop be allowed ten dollars for defending, and that judgment be entered against defendant for costs."

The other judgments were substantially the same as the foregoing. The petition further states that the plaintiff is illegally restrained of his liberty on the following grounds : "(1) He was restrained of his liberty by the sheriff of said county, and was not present before said court when the jury was impaneled or sworn in any of said actions. ( 2 ) He was restrained of his liberty by said sheriff, and was not present in or before said court during any portion of the trial of each and all of said actions. ( 3 ) He was restrained of his liberty by said sheriff, and was not allowed to be and was not present in or before said court when the judgment of the court aforesaid was rendered in any of said actions. ( 4 ) The jury in each of said causes did not deliberate upon nor determine the question of this petitioner's guilt or innocence, but, in obedience to the direction of said court, with the district attorney, one of their number, to-wit, R. C. Westbrook, as foreman, did sign and return to said court a written verdict, prepared and handed to him for that purpose by an officer of the court, which verdicts, so signed and returned, were the only verdicts rendered in said actions ; and said jury did not, from the time of being sworn and taking their seats in the jury-box in the first of the aforesaid actions, leave the same, nor any member thereof, nor was said jury, nor any member thereof first impaneled as aforesaid, discharged from the jury-box by the court until after

Turney v. Barr. ·

the verdicts had been signed by said R. C. Westbrook, in manner aforesaid, in each of the twelve different actions above mentioned ; nor was said jury, nor any member thereof, in any of said causes aforesaid, allowed to express or take any part whatever in determining the question of the guilt or innocence of the defendant in said actions, except the said R. C. Westbrook in the manner aforesaid. (5) There was in fact no trial by either court or jury of the question of the guilt or innocence of the defendant in any of said actions, inasmuch as there was no testimony or evidence offered or introduced, either on the part of the state or said defendant, in any of said actions, nor any pretense thereof, except reading of the minutes of evidence taken by the clerk of the grand jury, and returned with the several indictments."

In the return to the writ the defendant admitted that he held the plaintiff under the several judgments referred to in the petition, but did not controvert in any respect the allegations in the petition. There was a stipulation of the parties that the evidence might be taken in the form of affidavits, and the plaintiff obtained the affidavits of certain persons who had acted as jurors. The defendant filed a motion to strike the same from the record on several grounds, and the motion was sustained, but the affidavits are set out at length in the record before us. The defendant also demurred to the fourth and fifth paragraphs of the petition upon several stated grounds. The demurrer was sustained. The foregoing is a full statement of the record and rulings of the court, except that the contents of the affidavits have not been stated.

I. This case has been elaborately argued by counsel, and many authorities cited, but the legal questions involved are few, and can and must be solved by reference to well settled legal principles, as to the existence of which there cannot, we think, be any serious doubt.

1. JUDGMENT: of imprisonment : attack by habeas corpus.

For instance, we regard it as undoubted that an attack, · by *habeas corpus*, upon the validity of a judgment, is

Turney v. Barr.

of a collateral character, and that, unless the judgment is void, no relief can be obtained in such inquiry. The beginning and end of the inquiry, therefore, is whether the district court of Jackson county had jurisdiction and the power, under the recognized rules of law, to render the judgments it did. Hurd, Hab. Corp. 332 ; Cooley, Const. Lim. secs. 347, 348 ; *Ex parte Holman*, 28 Iowa, 88 ; *Zelle v. McHenry*, 51 Iowa, 572.

Therefore the first three grounds upon which the plaintiff must of necessity claim the judgments are void

2. —— : —— : gross irregularities not avoiding; remedy: habeas corpus.

are, that he was not present when the jury was impaneled or sworn, that he was not present during the trials, and that he was not present when judgment was rendered. Conceding that defendant had the right to be present at such times, and that it is so provided by statute, yet we feel constrained to say that his presence or absence did not affect the jurisdiction of the court, which was conferred by the indictment, the defendant's arrest thereunder, and his being at the time in the custody of the court. It will be observed that the record recites that he was arraigned, and personally pleaded not guilty ; and that the record in this respect is true, as a matter of fact, is not controverted. Regarding the statements of the petition to be true, that the plaintiff was not present as stated, it will be further conceded that there was gross irregularity in the trial, and that the plaintiff was prejudiced thereby ; but this could and should have been corrected by moving the district court for a new trial, and, if it was overruled, by appeal. Error, even of a gross and prejudicial character, is materially different from the question of jurisdiction and power of the court to render any judgment in a civil or criminal proceeding.

II. But, as we understand, counsel rely with much greater confidence on the fourth and fifth grounds stated

3. VERDICT: in criminal case: direction by court: nonconcurrence of jurors: evidence.

in the petition, and claim that the defendant was deprived of a trial by jury. The record states that a jury was impaneled and sworn to try and determine the question as to plaintiff being guilty of the crime charged,

and this is not in any respect controverted. It is, however, alleged that the jury did not consider such question, but, in obedience to the direction of the court, a verdict, which had been prepared by an officer of the court, was signed by one of the jury as foreman, and that no member of the jury in fact passed upon or was allowed to express or take part in determining the question of the guilt or innocence of the plaintiff. In substance, as we understand, the court directed the jury to find the defendant guilty, and caused to be prepared a verdict to that effect. But certainly this in no manner affected the jurisdiction of the court. That it was a gross and palpable error, irregular and wrong, must be conceded; but, as we have said, such wrong can only be corrected by moving the court for a new trial, and, if overruled, an appeal is the only remedy known to the law. The fact that the jury did not consider and determine as to the guilt of the plaintiff, clearly in no manner affects the jurisdiction of the court. Besides this, such fact cannot be established in a collateral proceeding, for the reason that it inheres in the verdict, and the only evidence thereof attainable is that of a juror. The well-settled rule of law is that it is not competent for a juror to so testify.

III. The fifth paragraph of the petition, in substance states that no evidence was introduced except the minutes of evidence before the grand jury, which were reduced to writing by the clerk. But clearly this is not jurisdictional. Nor are we able to conclude that the plaintiff was deprived of any right which he could not have waived, for it has been held that he can waive the constitutional provision requiring that he should be confronted with the witnesses against him. *State v. Polson*, 29 Iowa, 133; *State v. Fooks*, 65 Iowa, 452. Recognizing, as we do, that, conceding the facts stated in the petition, and the affidavits in the record, to be true, gross irregularities and errors were committed by the court, we regret that we are powerless to correct the same in this proceeding without overturning long-established rules of law, and setting a precedent that would

Turney v. Barr.

prove, we have no doubt, one that could not be logically followed. Courts must of necessity be governed by general rules applicable to all cases. The forms and procedure of courts cannot be varied to meet special cases. The judgment of the district court is

AFFIRMED.

REED, J., (*dissenting*). In my opinion the court did not have jurisdiction to pronounce judgment against the petitioner. I say this on the assumption, of course, that the averments of the petition are true. In criminal cases, where the plea is not guilty, the court can pronounce judgment imposing the penalty of the law only after a verdict of guilty has been found and returned by the jury. Until that has been done, there is absolutely no power in the court to impose punishment, and any judgment which the court may pronounce, or attempt to pronounce, is necessarily void. Now, a verdict is the judgment of the jury upon the fact. If the verdict has been assented to by the jury,—if it is in fact their judgment,—I admit that it could not be questioned in this character of proceeding, however irregularly that judgment may have been arrived at. But the averment here is that none of the jurors, except the one selected by the court to sign the verdict, and who by direction of the court did sign it, ever assented to it, or had any opportunity to either assent to, or dissent from, the alleged finding. Can it be said that a verdict so obtained is the judgment of the jurors? Clearly not. It is the verdict of the court, but not of the jury. Suppose the court had omitted the formality of calling a jury,—for what was done in that respect was the veriest formality,—but had made up a record showing that the cause had been regularly tried to a jury, who had found the accused guilty, and had then proceeded to pronounce judgment upon the alleged verdict, would anybody contend that the judgment was of any validity, or that it might not be questioned in this character of proceeding? Yet wherein would such a proceeding differ, either in principle or effect, from the one under consideration?

Or suppose, in the case of one under indictment, but who had given bail, the court should, in his absence, proceed to pronounce judgment ; being careful, however, to make up a record showing a trial regularly had and a verdict of guilty, is it possible that the accused could not, when an attempt should be made to enforce the judgment, question its validity in this character of proceeding? If not, he would be without remedy ; for, as the judgment is regular on its face, an appeal would not avail him. If it be said that it is impossible to conceive that the courts would be guilty of such gross illegalities and irregularities, I answer that, if the case before us was merely supposititious, the same reply might be made. I had supposed that the writ of *habeas corpus* was allowed to the citizen as a means of inquiring into the legality of his imprisonment. In that proceeding the inquiry is as to the legality of the restraint, and if it can be shown, by any means, that the officer or tribunal making the order had no power or authority to make that particular order, the petitioner is entitled to be discharged. The proceeding is not a collateral attack on a judgment, but is an inquiry as to the authority or power of the court to pronounce the judgment. Neither do I agree that the fact that the cause was not submitted to the jury, and that the jurors were not permitted to determine the question of the prisoner's guilt, cannot be shown by their testimony ; for as the writing signed by the juror, who was designated by the court to sign it, was in no sense a verdict, nothing inheres in it.