CHARLES LOCKARD, Appellant, v. ED. R. CLARK, Sheriff, Appellee.

Criminal law: APPEAL. Affidavits and sworn statements made long after the entry of a judgment of guilty in a criminal case cannot be made the basis of reversal on appeal.

Same: TERM OF IMPRISONMENT. A judgment of conviction limiting the term of imprisonment is of no effect to reduce the imprisonment below a life term as fixed by statute.

Same: HABEAS CORPUS: SCOPE OF INQUIRY. In habeas corpus proceedings after imprisonment under a judgment of a court having apparent jurisdiction, the only question which can be inquired into is the jurisdiction of the court pronouncing the judgment. The record of the proceedings leading up to the judgment cannot be impeached or denied in such a proceeding.

Same. Where a criminal defendant claims to have been deceived into entering a plea of guilty, or did not understand that it was entered, it was open to him to raise the question when the judgment was entered, and if the record did not correctly state the facts to then apply for its correction; this cannot be done in habeas corpus proceedings after judgment and imprisonment.

*Appeal from Oelwein Superior Court.*—HON. JOHN R. BANE, Judge.

WEDNESDAY, JUNE 24, 1914.

THE opinion states the case.—*Affirmed.*

*D. T. Blodgett,* for appellant.

*George Cosson,* Attorney General, for the State.

WEAVER, J.—The complainant, Charles Lockard, was indicted by the grand jury of Fayette county, Iowa, on charge

of rape upon the person of a girl under the age of consent. The record of the district court shows that he appeared in person and by counsel and entered a plea of not guilty. It is also shown by the record that at a later date the plea of not guilty was withdrawn, and a plea of guilty entered, whereupon the court entered judgment, committing the accused to the penitentiary for a term of twelve years. Thereafter defendant appealed to this court where it was argued in his behalf: First, that the judgment was erroneous and void because it fixed a limit of twelve years to defendant's imprisonment instead of for life, as provided by the indeterminate sentence law; and, second, that he was fraudulently induced and deceived, by the wrongful acts and representations of his counsel, into the withdrawal of his plea of not guilty. Upon consideration of the case so presented, it was found that the appellant's abstract was wholly devoid of evidence tending to show the alleged fraud and misrepresentation, and of necessity the point so made was overruled.

It is true the record did present certain affidavits and sworn statements made long after the entry of the plea of not guilty and judgment thereon, but having some tendency

1. CRIMINAL LAW : appeal. to support the claim that accused was deceived or misled into his plea of guilty, but this court, under familiar rules, being without authority to reverse or interfere with a judgment of the trial court upon evidence so presented, and we held the exception taken by the appellant could not be sustained.

We also held that so much of the judgment entry as provided a limitation of the term of imprisonment to twelve years

2. SAME : term of imprisonment. was unauthorized and void and had no effect to reduce such imprisonment below a life term as provided by the statute. *State v. Lockard*, 144 N. W. (Iowa) 601.

After the affirmance of said judgment, the accused, alleging that his restraint and imprisonment were without author-

ity of law, sued out a writ of habeas corpus, and the hearing thereunder was had before Hon. J. R. Bane, judge of the superior court of the city of Oelwein, who found the claim of the applicant not well founded, dismissed the application, and ordered said applicant remanded to the custody of the officers of the law for the execution of the judgment of imprisonment. It is from this order that the present appeal has been prosecuted.

3. SAME: habeas corpus: scope of inquiry.

It appears that upon said hearing, the applicant sought to deny the correctness of the record in the criminal case which shows that he entered or "made" the plea of guilty in open court and in person, but the trial judge, holding to the theory that such record could not be impeached in a habeas corpus proceeding, refused to admit or consider such evidence. The applicant further sought to show that the attorney who represented him in such criminal proceeding fraudulently deceived and misled him into the belief that the court could and would limit his sentence to a term of twelve years in the penitentiary. This evidence was also excluded, and error is assigned thereon.

Neither exception can be sustained. The accused is undergoing imprisonment upon judgment of a court of competent jurisdiction. The record of such proceeding shows, upon its face, a plea of guilty duly entered or made by him in person. It is not competent for him, in habeas corpus proceedings, to impeach or deny that record. *Ex parte Fisher,* 6 Neb. 309; *People v. Cassels,* 5 Hill (N. Y.) 154.

The one question which is open to inquiry in such proceedings, after judgment of conviction and commitment of the accused thereunder, is the jurisdiction of the court. *People v. Neilsen,* 16 Hun. (N. Y.) 214; *Darrah v. Westerlage,* 44 Tex. 388; *In re Adams,* 25 Miss. 883 (59 Am. Dec. 234); *Ex parte Gallagher,* 101 Cal. 113 (35 Pac. 449); *Ex parte Murray,* 43 Cal. 455; *Zelle v. McHenry,* 51 Iowa, 572; *State v. Orton,* 67 Iowa, 554.

The district court had undoubted jurisdiction of criminal

prosecutions.   It had jurisdiction of the defendant, for he
was in custody in court, and appeared to the proceedings
both in person and by counsel.   The record
entry of the plea, even as stated by his counsel
in argument here, is regular in form.   It shows nothing what-
ever indicating any defect or want of jurisdiction of the
district court to enter the judgment of conviction, and to
issue warrant of commitment.   If, as a matter of fact, the
applicant was deceived or tricked into a plea of guilty, or if,
as he seems now to claim, he did not understand that such
a plea was entered, he was certainly undeceived when judg-
ment was entered against him, and it was open to him to
raise the question then and there, and if the record did not
truly reflect the facts, he could have applied for its correction.
Certain it is that such correction cannot be made upon habeas
corpus, nor can the verity of the record be there impeached.

4. SAME.

It is suggested that the court lost jurisdiction by denying
the applicant some constitutional or fundamental right.   But
the trouble with the proposition as applied to this case is in
the fact that such alleged error can be shown only by evidence
outside of the record, and, as we have repeatedly said, such
evidence is inadmissible.

For the reasons stated, the order remanding the com-
plainant is—*Affirmed.*

All the Justices concur.