CLARA HANNAHS, appellee, v. DOROTHY MCKINNEY et al.,
appellants.

No. 47517.

(Reported in 39 N.W. 2d 313)

OCTOBER 18, 1949.

REHEARING DENIED DECEMBER 19, 1949.

Johnson, Martin, Johnson & Phelan and Pollard, Palmer
& Lawse, all of Fort Madison, for appellants.

McManus & McManus, of Keokuk, for appellee.

MANTZ, J.—The action is at law and was filed in the district
court of Iowa in and for Lee County, sitting at Keokuk, Iowa, on

April 2, 1948. Plaintiff prayed that what purported to be the will of J. B. Hannahs, admitted to probate in the district court of Iowa in and for said county, and sitting at Fort Madison, be set aside and held for nought. The resistance filed by the defendants was overruled and this court granted said defendants a right to appeal from the various orders of the Keokuk District Court. Further particulars of the issues and the facts will be hereinafter more fully set forth.

I. Following the death of J. B. Hannahs on November 23, 1947, an estate was opened and his will probated on December 4, 1947, in the district court at Fort Madison. Said will so admitted designated his beneficiaries and named J. F. Phelan as executor of the estate.

As before stated, appellee brought an action at law in the district court of Lee County at Keokuk, on April 2, 1948, and in the petition asked that said will, probated December 4, 1947, be set aside and also prayed for an order setting aside the appointment of the executor and asked that a special administrator be appointed to take charge of, preserve and manage said estate until the genuineness of the probated instrument be judicially determined. (Appellee later withdrew from her petition the two askings as last set out above.)

To appellee's pleading appellants filed various pleadings attacking the same. The principal claims made by appellants were that the court lacked jurisdiction to try the issues in the district court at Keokuk; that the district court at Fort Madison had first obtained jurisdiction of the estate and that its jurisdiction was exclusive and that in the alternative the issues set forth in the petition of appellee should be transferred to the district court at Fort Madison on the principle of forum non conveniens. Appellants raised the issues by motion to strike and dismiss. The district court at Keokuk ruled upon the law issues as raised in the pleadings. All issues passed upon were based upon the pleadings.

Two errors were urged by appellants: (1) That in denying their claim the district court at Fort Madison had exclusive jurisdiction to administer the estate of J. B. Hannahs in the probating of his will and administering upon his estate and further that the district court at Keokuk could not hear a suit at law to

set aside a will which had been admitted to probate by the Fort Madison District Court. (2) That the court was in error in refusing to apply the principle of forum non conveniens in the event it was determined that the district court of Lee County at Keokuk had jurisdiction.

Appellants concede that claim No. 2 has no application in case it be determined that the district court at Keokuk did not have jurisdiction to try the case.

Appellants do not question the right of appellee to bring an action at law to set aside the Fort Madison District Court order of December 4, 1947, but it is their claim that said action could not be brought in any other forum than the district court at Fort Madison, where the estate was still open.

There can be no claim that the district court at Fort Madison did not have jurisdiction of the subject matter, to wit, the estate of J. B. Hannahs. Having jurisdiction it had the right to settle said estate, and we hold that no other court has the power or authority to interfere with such administration. The deceased was a resident of Lee County, and in the judicial division given the district court at Fort Madison that court had jurisdiction to probate his will and administer his estate. His will was admitted to probate without objection; an executor was appointed and was proceeding to administer the estate when the action in equity was brought at Keokuk. No appeal was taken from the order probating said will and no motion was there made to set aside such order.

Lee County is the First Judicial District of Iowa and has two judges. There are two district courts in Lee County, Iowa, one at Fort Madison and the other at Keokuk. In setting up said First District, the First General Assembly of Iowa (Extra Session) in section 2, chapter 52, provided in part as follows: "That the said district courts in the county of Lee shall have concurrent jurisdiction in all civil causes in said county * * *."

Section 609.3, Code of 1946, in dealing with judicial division of a county is in part as follows: "In counties which are divided for judicial purposes, and in which courts are held at more than one place, each division shall be treated as a separate county * * *." The said section further provides that the jurors

(grand and petit) "shall be drawn from the division of the county in which the court is held."

.It will be observed from the above that the legislature of Iowa, in establishing judicial districts, designated Lee County as the First District; that said county was to be divided for judicial purposes with two district courts, giving to each concurrent jurisdiction in civil cases; that each division should be treated as a separate county.

Section 604.3, Code of 1946, provides that the district court of each county shall have original and *exclusive* jurisdiction to probate wills and grant administration of estates of residents of said county, and in section 604.4 said district court is given jurisdiction in all matters in relation to the appointment of executors and trustees and the management and disposition of the property and settlement of such estates, provided that where jurisdiction has heretofore been acquired, the same shall be retained until the estate is closed.

We will call attention to a number of decisions of this court where the matter of jurisdiction has been considered and passed upon.

Our most recent opinion, filed in September 1948, was that of Hulburd v. Eblen, 239 Iowa 1060, 1066, 33 N.W. 2d 825, 828. In that case the question of jurisdiction was carefully considered. Eblen, a resident of Cass County, was involved in an automobile collision in Crawford·County. Action was brought in the latter county but before it was brought Eblen had died and an estate was opened for him in the county. of his residence. The suit in Crawford County was brought under the claim that the district court of that county had jurisdiction to try the case under section 616.18, Code of 1946.

While the action was in the nature of a claim against the Eblen estate, still this court was of the opinion that it went further and involved the question of jurisdiction between the district courts of Cass and Crawford Counties. We will quote briefly from said opinion on that matter:

"So far as this proceeding is concerned, the action for damages in Crawford County was not filed until September, and probate proceedings were then pending in Cass County, the county of the deceased's former residence. It would be strange

if, while administration was pending and claims were being filed and determined in an estate, one part of such probate proceedings would be permitted to be tried in another county. To permit such a division of authority would result in endless confusion and is contrary to the rule relating to priority of jurisdiction. See First Methodist Episcopal Church v. Hull, 225 Iowa 306, 313, 280 N.W. 531, 534."

The district court at Keokuk was of the opinion that the case of Hulburd v. Eblen did not apply, as the case in Crawford County was merely a claim against the estate. While the suit was brought in rem it did not end with simply being a claim. More than beneficiaries are ordinarily interested in an estate; there is the orderly procedure in its settlement; the various lienholders and claimants which may exist; all these could cause division as between courts of concurrent jurisdiction and, as said in the part of the Eblen opinion above-quoted, "To permit such a division of authority would result in endless confusion and is contrary to the rule relating to priority of jurisdiction." We are of the opinion that the holding in the Eblen case is controlling here.

In the case of First Methodist Episcopal Church v. Hull, supra, at page 313 of 225 Iowa, page 534 of 280 N.W., this court in discussing the question of the jurisdiction of the various courts said:

"It is the general rule of law that where a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues and no court of coordinate authority is at liberty to interfere with its action. * * * A court of equity cannot interfere with the plain and ordinary proceedings of the probate court in the settlement of estates pending therein."

The language above set forth was approved in the case of Peff v. Doolittle, 235 Iowa 443, 15 N.W. 2d 913, and Hulburd v. Eblen, supra. See also 21 C. J. S., Courts, section 492, pages 745 to 755; Jennings v. Schmitz, 237 Iowa 580, 585, 20 N.W. 2d 897, 900.

In the last-cited case we said: "Time and again we have pointed out that there is but one court of general jurisdiction in Iowa—the district court."

In the case of Peff v. Doolittle, supra, at page 448 of 235 Iowa, page 916 of 15 N.W. 2d, this court in dealing with the question of conflicting jurisdictions quoted from the language of the court in In re Johnson, 167 U. S. 120, 125, 17 S. Ct. 735, 737, 42 L. Ed. 103, 104. We quote:

"'Ever since the case of Ableman v. Booth, 21 How. 506, it has been the settled doctrine of this court that a court having possession of a person or property cannot be deprived of the right to deal with such person or property until its jurisdiction is exhausted, and that no other court has the right to interfere with such custody or possession. This rule was reaffirmed in Tarble's case, 13 Wall. 397; in Robb v. Connolly, 111 U. S. 624; and in In re Spangler, 11 Mich. 298, and with reference to personal property has been so often restated as to have become one of the maxims of the law.'" (Citing many cases.) Following this in the Peff case this court states: "And this court has repeatedly announced a similar doctrine."

The proceedings in the court at Fort Madison were in probate—the administering of the estate of J. B. Hannahs—the probate court is simply one of the divisions of the district court; the Keokuk proceedings were in the district court, a court of co-ordinate jurisdiction with the Fort Madison District Court. We hold that the court at Fort Madison, having first obtained jurisdiction, the district court at Keokuk could not interfere and disturb such jurisdiction, and that under the rules laid down in the cases actions involving the settlement of the J. B. Hannahs estate must be brought in the court at Fort Madison while such estate is pending.

In view of our holding that the Keokuk District Court has no jurisdiction to interfere with the estate proceedings at Fort Madison, we hold that the Keokuk District Court erred in holding that it had such jurisdiction. Such holding makes it unnecessary to pass upon the other matters raised in this appeal.

Appellee's motion to strike and dismiss counts three, four and five of appellants' answer should have been overruled.— Reversed.

HAYS, C.J., and GARFIELD, MULRONEY, BLISS, WENNERSTRUM, and HALE, JJ., concur.

OLIVER and SMITH, JJ., dissent.