# IN THE COURT OF APPEALS OF IOWA

No. 13-0917
Filed August 27, 2014

**VICTOR HERNANDEZ GALARZA,**
Petitioner-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.

An immigrant who successfully discharged his probation from a deferred judgment appeals the dismissal of his petition seeking habeas corpus relief in connection with federal deportation consequences. **AFFIRMED.**

Benjamin D. Bergmann of Parrish, Kruidenier, Dunn, Boles, Gribble & Gentry, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Hathaway, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**TABOR, P.J.**

Victor Hernandez Galarza (Hernandez) challenges the district court's denial of his petition for writ of habeas corpus. Hernandez claims he received ineffective assistance of counsel in the form of misadvice as to the deportation consequences of his guilty plea. Because a state writ cannot reach Hernandez's federal custodian, assuming he is in federal custody, we affirm.

**I.      Background Facts and Proceedings.**

Hernandez, an immigrant who was legally in the United States,[1] used a false social security number to obtain a certificate of title to a vehicle. As a result, the Polk County Attorney charged Hernandez with fraudulent practice in the third degree under Iowa Code section 714.11 (2011). Hernandez entered a guilty plea to a reduced charge of fraudulent practices in the fourth degree under section 714.12. The district court granted Hernandez a deferred judgment with one year of probation, a fine, and community service. After Hernandez had successfully fulfilled the conditions of the deferred judgment, the district court filed a probation discharge order, and Hernandez's conviction was expunged.

Hernandez alleges that as a consequence of his guilty plea, the U.S Immigration and Customs Enforcement (ICE) initiated deportation procedures against him.[2] The threat of deportation prompted Hernandez to file a petition for a writ of habeas corpus under Iowa Code chapter 663 or, in the alternative, for a

---

[1] The trial court record includes an employment authorization card, valid for one year, issued to Hernandez by the United States Department of Homeland Security on July 6, 2011.

[2] Although the habeas petition refers to an exhibit titled "Notice to Appear," we could not find that exhibit or any other ICE document included in the state trial court record.

writ of coram nobis. His petition alleged ineffective assistance of counsel in his state plea proceedings. Hernandez argued defense counsel neglected to properly advise him about the immigration consequences of the plea in violation of the standard of representation set in *Padilla v. Kentucky*, 559 U.S. 356 (2010). The district court dismissed Hernandez's petition, finding "no evidence of illegal detention." Hernandez appeals the dismissal of his habeas petition; he does not pursue the writ-of-coram-nobis ground for relief.

## II. Analysis of State Habeas Claim

Because the petition for writ of habeas corpus "does not invoke the court's equitable powers," our review is not de novo. *See Cummings v. Lainson*, 33 N.W.2d 395, 397 (Iowa 1948). We review the dismissal of Hernandez's habeas petition for correction of errors at law. *See* Iowa R. App. P. 6.907.

Hernandez asserts that during the state guilty-plea proceedings his attorney did not advise him that a deferred judgment could result in deportation, a severe consequence for an immigrant. Hernandez now seeks to undo the federal consequences of his state guilty plea by challenging counsel's performance through a petition for a writ of habeas corpus under Iowa Code chapter 663 and article 1, section 13 of the Iowa Constitution.

Criminal justice is for the most part a system of pleas, not a system of trials. *Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012) (noting ninety-four percent of state convictions are the result of guilty pleas). In light of this statistic, negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel. *Padilla*, 559 U.S. at

373. Among the important issues for counsel to consider in negotiating a plea agreement are the collateral consequences state and federal laws increasingly impose on criminal convictions. *See Daughenbaugh v. State*, 805 N.W.2d 591, 593 (Iowa 2011).

As the present appeal illustrates, deportation is one of the most serious collateral consequences for noncitizens who plead guilty to certain crimes. *See Padilla*, 559 U.S. at 364. In light of the severity of deportation—"the equivalent of banishment or exile"—the *Padilla* Court held that to satisfy the Sixth Amendment right to effective assistance, criminal defense counsel must inform their clients if a plea carries the risk of adverse immigration consequences. *Id.* at 373. The absence of that information underlies Hernandez's ineffectiveness claim against defense counsel.

Normally, if defense counsel did not provide effective assistance of counsel, a criminal defendant may challenge his or her guilty plea on direct appeal, even without filing a motion in arrest of judgment. *See State v. Kress*, 636 N.W.2d 12, 19 (Iowa 2001). A claim of ineffective assistance of counsel also may be raised via Iowa's postconviction relief chapter. Relief is available to "[a]ny person who has been convicted of, or sentenced for, a public offense and who claims . . . [t]he conviction or sentence was in violation of the Constitution of the United States . . . ." Iowa Code § 822.2.

Because the district court granted Hernandez a deferred judgment after his guilty plea, neither a direct appeal nor a postconviction relief action was

available to Hernandez.[3] Hernandez could not raise his ineffective assistance claim on direct appeal. *See State v. Stressman*, 460 N.W.2d 461, 462 (Iowa 1990) ("[B]ecause a final judgment does not exist, defendant's case is not appealable by him as a matter of right."); *see also McKeever v. Gerard*, 368 N.W.2d 119 (Iowa 1985) (declining to recognize a certiorari challenge to a deferred judgment because "[a] defendant who elects to have the case eventually treated as if there were no conviction cannot simultaneously attack the case as if there had been one"). Nor could Hernandez file a postconviction relief application because he does not have a "conviction" as that term was interpreted in *Daughenbaugh*. A "conviction" under section 822.2 must be based upon an underlying criminal adjudication and entry of judgment. *Daughenbaugh*, 805 N.W.2d at 599. Upon the completion of all conditions of a *deferred* judgment, the defendant is discharged without entry of judgment. *See* Iowa Code § 907.3(1). It follows that "a guilty plea pursuant to a deferred judgment is not a conviction under Iowa's postconviction relief statute." *Daughenbaugh*, 805 N.W.2d at 598. When Hernandez fulfilled the conditions of his deferred judgment, he did not have a conviction from which he could seek relief under section 822.2.

Because the traditional routes for raising a claim of ineffective assistance are closed to him, Hernandez seizes on a footnote in *Daughenbaugh* in support of his collateral attack by writ of habeas corpus. After finding Daughenbaugh, who received a deferred judgment, was not entitled to postconviction relief, the

---

[3] Hernandez claims in his reply brief that he had the "bad luck" of being granted a deferred judgment, "an outcome that is entirely at the discretion of the sentencing judge." This claim is not entirely correct; a sentencing court may only defer judgment with the consent of the defendant. *See* Iowa Code § 907.3(1).

supreme court stated: "We express no opinion upon whether or under what circumstances a guilty plea followed by a deferred judgment might be subject to collateral attack under Iowa Code chapter 663." *Daughenbaugh*, 805 N.W.2d at 599 n.1. Chapter 663 is cross referenced in the opening provision of the postconviction relief chapter, as follows: "The provisions of section 663.1 through 663.44, inclusive, shall not apply to persons convicted of, or sentenced for, a public offense." Iowa Code § 822.1. Because a deferred judgment is not a conviction, it may be subject to a collateral attack by writ of habeas corpus under chapter 663.

Habeas corpus literally means "you have the body." *Hottle v. Dist. Ct.,* 11 N.W.2d 30, 34 (Iowa 1943). A petition for writ of habeas corpus under chapter 663 is an avenue to challenge illegal restraint by the government. *Daughenbaugh*, 805 N.W.2d at 594. Our courts recognize habeas corpus as a "valuable and important right" which is essential in "guarding and preserving human liberty." *State v. Iowa Dt. Ct.*, 581 N.W.2d 640, 643 (Iowa 1998) (quoting *Peff v. Doolittle*, 15 N.W. 2d 913, 915 (Iowa 1944)). Habeas corpus cannot perform the function of an appeal and may not be used as a means of reviewing legal error. *Bell v. Lainson*, 74 N.W.2d 592, 593 (Iowa 1956).

At its core, habeas is a challenge to the lawfulness of the custody imposed on the subject of the petition. *See Maleng v. Cook*, 490 U.S. 488, 490–491 (1989). This "in custody" requirement is reflected in Iowa's habeas statute, which requires a petitioner to state "[t]hat the person in whose behalf [the writ] is sought is restrained of the person's liberty, and the person by whom and the place

where the person is so restrained, mentioning the names of the parties, if known, and if unknown describing them with as much particularity as practicable." Iowa Code § 663.1(1).

On appeal, Hernandez asserts his petition complied with all requirements set out in section 663.1. That assertion is inaccurate. Hernandez's habeas petition does not specifically state how he is restrained of his liberty, where, or by whom. The petition's lack of specificity is problematic because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494–95 (1973). Consequently, the writ must be addressed to the immediate custodian of the defendant. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also* Iowa Code § 663.8.

Hernandez does not contend he is in state custody, and indeed could not because his state sentence has expired. Once a state sentence has expired, the collateral consequences of the guilty plea—including the "hazards of deportation"—do not render an individual "in custody" for purposes of a state habeas attack on the expired sentence. *See In re Azurin,* 87 Cal. App. 4th 20, 26 (Cal. Ct. App. 2001) (reversing order granting state habeas relief from plea when Azurin was in custody of United States Immigrant and Naturalization Service, an agency of a different sovereign).

Assuming, without holding, that Hernandez is in federal custody by virtue of an ICE detainer,[4] it follows that he must address his habeas corpus petition to his federal custodian. Historically, state courts routinely issued the writ of habeas corpus to achieve jurisdiction over prisoners in federal custody. *See* Charles Warren, *Federal and State Court Interference*, 43 Harv. L. Rev. 345, 353 (1930). But since 1871, state courts have not had the authority to do so. *In re Tarble*, 80 U.S. 397, 410 (1871) (rejecting claim that state writ of habeas corpus could direct delivery of a prisoner held by federal officer); *see also State v. Theoharopoulos*, 240 N.W.2d 635, 638–39 (Wis. 1976) (addressing defendant's challenge to state marijuana conviction which subjected him to the penalty of deportation and noting "state habeas corpus appears inappropriate, because the defendant is in the custody of federal authorities"). Hernandez cannot use the Iowa habeas law to command action by federal immigration officials.

In summary, although habeas corpus may, in some situations, be available under chapter 663 to challenge a deferred judgment, a state writ cannot reach Hernandez's federal custodian, if any. Accordingly, the state trial court correctly denied Hernandez's petition for habeas corpus relief.

**AFFIRMED.**

---

[4] For federal habeas purposes, the Eight Circuit has ruled that filing a detainer does not amount to custody, technical or otherwise. *See Campillo v. Sullivan*, 853 F.2d 593, 596 (8th Cir. 1988); *see also Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) (noting almost all circuit courts considering the issue have determined lodging a detainer, without more, is insufficient to render an immigrant in custody).